IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

| | |
|---|---|
| EDWARD KOELLER, individually and behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PATHLOCK, INC.,<br><br>Defendant. | Civil Action No. 1:25-cv-02431-CNS-SBP |

**DEFENDANT'S UNOPPOSED MOTION FOR AN EXTENSION
OF TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO COMPLAINT**

Defendant Pathlock, Inc. ("Defendant"), pursuant to Fed. R. Civ. P. 6 and 16(b)(4) and D.C. Colo. LCiv R 6.1 and 7.1(a), respectfully submits this **unopposed** motion for an extension of time to answer, move, or otherwise respond to Plaintiff's Complaint (*see* Dkt. 1, "Complaint") in this matter **to and including September 29, 2025**, and in support thereof states as follows:

1. Plaintiff filed his putative class action Complaint, which seeks relief under the federal Telephone Consumer Protection Act "TCPA"), on August 6, 2025. *See* Dkt. 1.

2. Defendant was purportedly served with process on August 7, 2025, making its initial responsive pleading deadline on August 28, 2025. *See* Dkt 6.

3. Defendant's original responsive pleading deadline was extended by the agreement of Plaintiff's lead counsel (Anthony Paronich), by a period of thirty (30) days, to and including September 29, 2025.[1]  However, a motion was not filed with the Court at that time to effectuate

---

[1] By operation of Fed. R. Civ. P. 6(a)(1)(C), the new deadline would roll to Monday, September 29, 2025, because thirty days from the original deadline of August 28, 2025 falls on a Saturday.

this extension, as Defendant desired to engage Plaintiff in preliminary discussions regarding a possible extra-judicial resolution of this matter without incurring litigation expenses, and Defendant had not yet retained suitable TCPA litigation counsel admitted in this District to formalize the extension prior to the expiration of the deadline. Upon retaining suitable TCPA defense counsel, Defendant, through said counsel, promptly contacted Mr. Paronich about this Motion, so that Defendant could formalize the agreed-to extension, seek to vacate any "technical default" that may have occurred, and give its new counsel time to investigate the matter and the allegations, possibly engage in early negotiations, and file an appropriate responsive pleading.

4. Defendant, though its new counsel, conferred with Plaintiff, through his lead counsel (Anthony Paronich), about this motion. Mr. Paronich has confirmed in writing (via email on September 10, 2025) the parties' previously agreed-to 30-day extension noted above, and has confirmed that Plaintiff does not oppose the relief sought in this motion, including the extension or to vacate any "technical default" that may have occurred to the extent Defendant did not seek approval for the prior agreed-to extension or file its responsive pleading by the initial deadline.

5. There are several reasons as to why Defendant and its counsel seek and are in need of an extension of time as to Defendant's aforementioned initial responsive pleading deadline. *First*, though it acted diligently and had secured Plaintiff's agreement on an extension prior to the expiration of the original deadline, Defendant was unable to locate and retain suitable TCPA litigation defense counsel to represent it in this matter prior to the initial deadline, and therefore was unable to formally request an extension of that deadline with the Court, before it expired. *Second*, Defendant and its new counsel (who was just recently retained) need sufficient time to adequately investigate the underlying facts and allegations in the Complaint, prepare an

appropriate responsive pleading(s), and potentially explore an extra-judicial resolution with Plaintiff, which may obviate the need to respond to the Complaint altogether if successful. *Third,* Defendant's new counsel have several unmovable professional and personal scheduling conflicts (including several motions and hearings set in other matters for around the same time period), which make completing the foregoing tasks any sooner than the agreed-to deadline of September 29, 2025 extraordinarily difficult, if not impossible. *Fourth*, though it denies liability, Defendant desires to explore an extra-judicial resolution of this dispute with Plaintiff without incurring additional legal expenses or burdening the Court or its resources, and requires additional time to do so. *Fifth*, an extension will promote justice and efficiency and conserve judicial and party resources, by allowing the Defendant sufficient time to investigate the Plaintiff's claims and attempt to reach an extra-judicial resolution without having to engage in motion practice, as well as by allowing the parties to litigate this matter on its merits. *Sixth*, Plaintiff does not oppose.

6. Pursuant to Fed. R. Civ. P. 16(b)(4) and 6(b)(1)(B)-(C), additional "good cause" exists for granting this motion and vacating any "technical" default because, *inter alia*, doing so would allow this matter to be heard on its merits and would promote efficiency by enabling the parties to fully evaluate Plaintiff's claims and pursue and possibly reach an early resolution without incurring additional expenses, including those necessary for preparing a responsive pleading, such as a Rule 12(b) motion that would necessitate further litigation expense and judicial labor.

7. Defendant further respectfully submits that, to the extent any "technical default" occurred by Defendant not seeking prior approval of the previously agreed-to extension and by not responding to the Complaint by the original response deadline, this occurred because of excusable neglect and it was not due to a lack of diligence on Defendant's part. In fact, Defendant

acted promptly in seeking an from Plaintiff's counsel, prior to the expiration of the original deadline and as soon as it had located and retained suitable TCPA defense counsel. Therefore, any "technical" default that may have occurred should be vacated, if necessary.

8. Defendant does not file this motion or seek an extension for purposes of delay or prejudice, but rather does so in the interest of justice and fairness, and to promote judicial and party economy, give the parties sufficient time to thoroughly investigate and discuss the claims at issue, allow Defendant sufficient time to explore an extra-judicial resolution of this dispute and formulate a sufficient responsive pleading as needed, and allow this matter to be heard on its merits.

9. No party will be impacted or prejudiced if the Court grants this motion. An extension will not cause delay or impact any other deadlines, as it is still in its early stages.

10. Defendant respectfully submits that there is sufficient "good cause" to grant this motion and the relief sought herein for at least the reasons stated above.

11. A proposed order has been submitted herewith for the Court's consideration.

WHEREFORE, Defendant respectfully requests that this Court enter the proposed order, or a substantially similar order, (i) granting Defendant an extension of time to answer, move, or otherwise respond to the Complaint in this action **to and including September 29, 2025**; and (ii) granting Defendant all other relief the Court deems just and proper.

Dated: September 10, 2025

Respectfully submitted,

By: /s/ A. Paul Heeringa
A. Paul Heeringa
MANATT, PHELPS & PHILLIPS, LLP
151 N. Franklin Street, Suite 2600
Chicago, IL 60606
Tel: 312.529.6300
pheeringa@manatt.com
*Counsel for Defendant Pathlock, Inc.*

- 5 -

**CERTIFICATE OF SERVICE**

I certify that on, September 10, 2025, a true and correct copy of the foregoing document was electronically filed with the Court's ECF system to be sent via the electronic notification system to all counsel of record in the above-captioned matter.

By: /s/ A. Paul Heeringa
A. Paul Heeringa

- 5 -