UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **EDWARD J. KOELLER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**PATHLOCK, INC.**<br><br>*Defendant.* | Case No. 1:25-cv-02431-CNS-SBP<br><br>Honorable Judge<br>Charlotte N. Sweeney<br><br>Honorable Magistrate<br>Judge Susan Prose |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Edward Koeller respectfully submits this Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, which was filed on September 29, 2025. *See* ECF No. 12.

### I.   INTRODUCTION

Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to protect consumers from unwanted, invasive, and harassing telemarketing practices. The TCPA created the National Do Not Call Registry to give individuals a straightforward mechanism to opt out of unsolicited sales calls, and it provides a private right of action to enforce these protections.

Plaintiff Edward Koeller alleges that Defendant Pathlock, Inc. violated these clear protections when it placed, or caused to be placed, at least two unsolicited sales calls to his personal cell number, which has been on the National Do Not Call Registry since 2007. The Complaint sets forth specific factual allegations: the dates of the calls (June 17 and July 3, 2025), the caller IDs, the name of the Pathlock representative ("JT"), the company identified during both calls (Pathlock), the precise products being pitched

1

(Pathlock's cybersecurity services), and the fact that Plaintiff explicitly told the caller not to call again after the first solicitation. Despite this request, Pathlock called again weeks later. ECF No. 1, ¶¶ 19–27.

These allegations are far from "threadbare." They are detailed, factual assertions that readily clear the Rule 12(b)(6) plausibility standard. Pathlock's motion to dismiss attempts to reframe the case as one where Plaintiff merely "concluded" that Pathlock was responsible, but the Complaint provides dates, caller information, content of the calls, and repeated identification of Pathlock by name. Courts consistently deny dismissal in such circumstances, including this Court. *See Scofield v. Alleviate Tax LLC*, No. 1:24-cv-03231-DDD-KAS, ECF No. 42, at 1–2 (D. Colo. Sept. 18, 2025) (denying motion to dismiss when plaintiff alleged that the caller "identified his company as [the defendant]") (attached as Exhibit A).[1]

The TCPA is remedial. It is not meant to insulate companies from liability when they place telemarketing calls to numbers on the Do Not Call Registry. Accepting Plaintiff's well-pled allegations as true, as this Court must, Pathlock violated the TCPA when it repeatedly called Plaintiff. Its motion should be denied.

## II.   **FACTUAL BACKGROUND**

Plaintiff's cell phone number, (314) 602-XXXX, has been continuously registered on the National Do Not Call Registry since August 2007. It has also been on the Missouri No-Call List since 2013. ECF No. 1, ¶¶ 13–15. Plaintiff alleges that this number is for personal residential purposes and is not associated with any business. *Id.* These facts

---

[1] Pursuant to Civ. Practice Standard 10.1(b)(3), Plaintiff has attached unpublished opinions without Westlaw citations as separate exhibits.

establish that Plaintiff is a "residential subscriber" protected under the TCPA. Despite Plaintiff's long-standing registration on the DNC Registry, he received at least two unsolicited sales calls from Pathlock. On June 17, 2025, at approximately 4:45 p.m., Plaintiff received a call from caller ID 314-334-3962. The caller identified himself as "JT" from Pathlock, stated he was calling on behalf of Pathlock, and attempted to sell Plaintiff Pathlock's cybersecurity services. *Id.* ¶¶ 19–22. During this first call, Plaintiff informed the representative that his number was a personal number, was listed on the National Do Not Call Registry, and directed the caller not to contact him again. *Id.* ¶ 23. Nevertheless, on July 3, 2025, at approximately 12:07 p.m., Plaintiff again received a call, this time from caller ID 479-594-3946. The same caller, "JT," apologized for calling just before the Fourth of July holiday and once more attempted to sell Pathlock's cybersecurity services. *Id.* ¶ 26. Plaintiff immediately terminated the second call, as it was his birthday and he was attempting to enjoy his personal time without interruption. *Id.* These calls invaded Plaintiff's privacy, interfered with his personal time, and constituted unlawful telephone solicitations. *Id.* ¶¶ 27–28.

### III.    LEGAL STANDARD

Rule 12(b)(6) permits dismissal only if the plaintiff fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Importantly, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Kansas*

*Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Courts are not to weigh competing evidence or resolve factual disputes at the motion-to-dismiss stage.

IV. **ARGUMENT**

    A.    **Plaintiff Sufficiently Alleged Direct Liability.**

The TCPA prohibits initiating telephone solicitations to residential subscribers whose numbers are on the DNC Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2). Plaintiff has pled sufficient facts to plausibly allege that Pathlock itself initiated the calls—specifically, Plaintiff alleged that (1) both callers identified themselves as representatives of Pathlock; (2) both calls explicitly promoted Pathlock's cybersecurity services and products; (3) the same individual ("JT") placed both calls, further tying them to Pathlock; and (4) Plaintiff expressly told Pathlock not to call again, yet it did so anyway. ECF No. 1, ¶¶ 20–26.

Courts have consistently held that such allegations suffice to state a plausible claim of direct TCPA liability. *See e.g. Smith v. American-Amicable Life Insurance Co. of Texas*, No. 22-333, 2022 WL 1003762, at *2 (E.D. Pa. Apr. 4, 2022) (allegations that plaintiff was told he was "speaking with American-Amicable" and offered insurance benefits sufficient to state a claim); *Abramson v. Josco Energy USA, LLC*, No. 2:21-cv-1322, 2022 U.S. Dist. LEXIS 237792, at *6 (W.D. Pa. Aug. 1, 2022) ("Defendant might dispute those facts, but as now alleged, they go beyond formulaically reciting the elements of Plaintiff's cause of action") (attached as Exhibit B); *Chinitz v. Intero Real Estate Services*, No. 18-cv-05623, 2021 WL 1375837, at *5 (N.D. Cal. Apr. 12, 2021) (holding that allegations that sales associates identified the defendant's real estate company during telemarketing calls supported a plausible inference of direct liability).

4

These decisions confirm that Plaintiff's well-pled factual allegations more than clear the Rule 12(b)(6) plausibility threshold and distinguish this case from the authorities Pathlock relies upon.

Although Plaintiff must allege either a direct or vicarious liability theory of TCPA liability, the bar for the Plaintiff is not as high as the Defendant makes out. As this Court recently held while denying a similar motion to dismiss:

> Alleviate is right about the legal requirement, but wrong that the complaint is insufficient to satisfy it at the motion-to-dismiss stage. The complaint alleges that Mr. Scofield received a call and a resulting voicemail that urged him to call a number, and that the person who answered that number identified "his company" as Alleviate. Doc. 1 ¶¶ 22-27. Taking these allegations as true, as I must at this stage, and making all reasonable inferences in favor of Mr. Scofield, as I also must at this stage, this is sufficient to allow a reasonable juror to infer that Alleviate was responsible for—that is, made or initiated—the call. . . . Phone numbers are easily spoofed, and making a call appear to come from a number other than the one belonging to the actual caller is hardly unheard-of, especially in the robocalling world. Likewise, the argument that there is nothing to support the claim that the call was made by an agent of Alleviate is unpersuasive. The allegation is that the person who answered the number left in the robocall's voicemail said that he was doing so on Alleviate's behalf.

*Scofield v. Alleviate Tax LLC*, No. 1:24-cv-03231-DDD-KAS, ECF No. 42 (D. Colo. Sep. 18, 2025). Thus, Plaintiff's allegations far exceed this bar and courts in this circuit have similarly held as much. *See e.g. Escano v. Symmetry Fin. Grp. of N.C., LLC*, No. 2:21-cv-0884, 2022 WL 2072875, at *5 (D.N.M.) (denying motion to dismiss in TCPA case holding, "Escano's allegations that the calls were all related to "life and health insurance" and that the content of the calls "was substantially similar enough that a reasonable person would identify the communications as coming from the same entity or group of entities.")

Defendant's contrary authorities are distinguishable, because Plaintiff provides further factual enhancement (which were lacking in Defendant's authorities). Unlike *Escano v. Concord Auto Protect, Inc.*, No. 22-2096, 2023 WL 4247703, at *2–3 (10th Cir. June 29, 2023), *Nelums v. Mandu Wellness, LLC*, No. 2:22-828, 2023 WL 5607594, at *8–9 (D.N.M. Aug. 30, 2023), and *Childress v. Liberty Mutual Insurance Co.*, No. 17-CV-1051, 2018 WL 4684209, at *3–5 (D.N.M. Sept. 28, 2018), where the complaints were dismissed for offering only bare legal conclusions without factual enhancement, Plaintiff here provides specific and concrete details that plausibly tie Pathlock to the unlawful calls. The Complaint alleges the exact dates of the calls, the originating caller IDs, the caller's name ("JT"), the caller's repeated identification of Pathlock by name, and the products and services being pitched on the calls. ECF No. 1, ¶¶ 19–27.

Fortunate for consumers bombarded with telemarketing calls, other Courts have similarly held that the allegations are sufficient. *See, e.g., Taylor v. Suntuity Solar L.L.C.*, No. 8:23-cv-00694, 2024 WL 964199, at *6 (M.D. Fla. Mar. 6, 2024) ("Plaintiff's allegations are sufficient to plead a claim for Defendant's direct liability under the TCPA at this stage . . . Plaintiff alleges Defendant initiated the telemarketing calls. Specifically, Plaintiff alleges, 'The Plaintiff received calls from Suntuity Solar on at least January 31 and February 8, 2023.' . . . Plaintiff further alleges: 'During both calls, Plaintiff was initially provided a generic, fake name, solar of America' . . . 'The only real company identified during the calls was Suntuity.'") (cleaned up); *Stemke v. Marc Jones Constr., LLC*, No. 5:21-cv-274-30, 2021 WL 4340424, at *2 (M.D. Fla. Sep. 23, 2021) ("Sunpro's motion to dismiss goes beyond the pleading to challenge the merits of the alleged facts. Indeed, the crux of Sunpro's motion questions Plaintiff's allegations that Sunpro placed the

6

subject calls. For example, Sunpro argues that Plaintiff fails to 'support' a plausible inference that Sunpro is directly or vicariously liable for the calls Plaintiff received because she does not allege facts that associate Sunpro to the calls allegedly at issue. But a review of the Amended Complaint belies this argument—Plaintiff alleges several times that she or her attorneys confirmed that Sunpro placed the subject calls. Plaintiff even includes the phone numbers and the dates she received the calls.").

A similar argument was rejected in *Cunningham v. Watts Guerra*, *LLP*., No. SA-22-CV-363, 2023 WL 2558134, at *12 (W.D. Tex. May 23, 2024). In *Watts Guerra*, as here, the defendants attempted to argue that the plaintiff did not sufficiently allege liability for illegal calls. *Id*. There, the plaintiff was "unable to identify which of the Defendants [in particular] placed, or caused to be placed, the robocalls[.]" *Id*. Thus, the defendants argued that "more specificity was required" and that "threadbare factual allegations do not support a reasonable inference that they are directly or vicariously liable for any TCPA violations." *Id*. at *12–13.

The court in *Watts Guerra* rejected this argument as "untenable." *Id*. The court explained that "[t]o require more would effectively immunize savvier TCPA violators from liability . . . [and] would reward robocallers for attempting to obfuscate their identity in order to prevent TCPA liability." *Id*. The court further explained that "given the practical realities of these sorts of violations—a TCPA claim is plausible when it relies on reasonable inferences" and "[r]equiring anything more would demand speculation by the plaintiff—and allow speculation by Defendant[.]" *Id*. Thus, it was sufficient that plaintiff was able to "identify Defendants as the entities responsible[.]" *Id*.

7

Defendant advances the same faulty legal standard as the defendants in *Scofield* and *Watts Guerra*, reasoning that the Plaintiff's well-pled allegations connecting the caller, calls, and their stated and admitted purpose are insufficient to demonstrate a theory of direct liability at the pleadings stage. Plaintiff's complaint doesn't adopt a flawed either/or pleading approach, either. All the Plaintiff has pled, consistent with case law on direct liability TCPA matters, is that discovery *might* reveal third parties who could also be directly liable. For example, Defendant's employee may be personally liable under the TCPA, still consistent with direct liability. Defendant's related argument that Plaintiff insufficiently pleads direct liability by pleading in the alternative, as discovery may reveal, is unavailing, as it is permitted by the Rules. FED R. CIV. P. 8(d)(2), (3). Pleading in the alternative in no way undermines the well-pled allegations that Defendant was directly involved in the calls.

In sum, this Court can more than plausibly infer that the Defendant is directly liable for the calling conduct described in the complaint on the bases alleged as other courts have done with far less problematic boilerplate motions than those proffered by Defendant's counsel here. *See, e.g.*, *Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 280 (S.D.N.Y. 2024) (holding plaintiff adequately pled direct liability when the plaintiff received calls identifying the defendant); *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 746 (N.D. Ill. 2014); *Dudley v. Vision Solar, LLC*, No. 21-659, 2021 WL 3077557, at *4 (E.D. Pa. July 21, 2021); *Atkinson v. Choice Home Warranty*, No. CV 22-04464, 2023 WL 166168, at *3 (D.N.J. Jan. 11, 2023).

### B.     Plaintiff Sufficiently Alleged that His Telephone Number Is Residential.

Defendant next argues that Plaintiff has not plausibly alleged that he is a "residential subscriber" within the meaning of the TCPA. This argument fails both factually and legally. Plaintiff's allegations are specific: he pleads that his telephone number "is a non-commercial telephone number not associated with any business," that it "is a residential telephone number," and that it "is used only for personal residential purposes"—i.e., communicating with family members, communicating with friends, scheduling personal appointments for residential purposes. ECF No. 1, ¶¶ 14–16. He further pleads that his number has been registered on the National Do Not Call Registry since 2007. *Id.* ¶ 15. These allegations meet—and indeed exceed—the Rule 8 standard for pleading the "residential" nature of a number.

The term "residential" is not defined in the TCPA or its implementing regulations. *Katz v. CHW Group, Inc.*, No. 5:22-cv-5198, 2023 WL 6445798, at *5 (W.D. Ark. Sept. 29, 2023). But courts have recognized that telephones "used for both business and residential purposes" may be treated as residential for TCPA purposes. *Vallesillo v. Money Tree Merch. Servs. Corp.*, No. 8:23-CV-536, 2024 U.S. Dist. LEXIS 97600, at *22 (D. Neb. May 23, 2024) (attached as Exhibit C) (quoting *Smith v. Truman Rd. Dev., LLC*, No. 4:18-cv-00670, 2020 WL 2044730, at *11 (W.D. Mo. Apr. 28, 2020)). In *Katz*, the defendant argued that a residential number must be "the primary means of reaching the individual at their residence," but the court rejected that argument, finding "nothing in the language of the organic statute or the implementing regulations to support" such a narrow interpretation. 2023 WL 6445798, at *5. Instead, the court held that allegations that

9

numbers were "used primarily as residential and personal numbers" were sufficient to withstand dismissal. *Id.* at *6.

Similarly, in *Vallesillo*, the plaintiff alleged his number was used for personal reasons even though it was formally registered as a business line. The court held those allegations sufficient, finding that "mixed-use" phones may still be residential for TCPA purposes. 2024 U.S. Dist. LEXIS 97600, at *23–24. Plaintiff Koeller's allegations here are stronger than those in either *Katz* or *Vallesillo*: his number is not even a registered business line, but one expressly alleged to be non-commercial, residential, and used only for personal purposes. ECF No. 1, ¶¶ 14–16. Courts in this District have held that the Plaintiff's allegations are sufficient. *See e.g. Klassen v. Solid Quote LLC*, 702 F. Supp. 3d 1052, 1058 (D. Colo. 2023) (allegation that cell phone was used "primarily for residential purposes, such as talking with friends and family" sufficient at motion-to-dismiss stage).

Defendant leans on cases where courts dismissed TCPA claims for failure to allege that a telephone number was residential, but each of those decisions involved threadbare allegations far weaker than those here. For example, in *Childress*, dismissal was warranted because the plaintiff merely recited that his number was "residential" without providing any factual context. 2018 WL 4684209, at *3–5. Likewise, in *Escano*, the Tenth Circuit affirmed dismissal because the plaintiff offered no details regarding how his number was used or whether it was listed on the Do Not Call Registry. 2023 WL 4247703, at *2–3. And in *Nelums*, the complaint failed entirely to connect the number to any allegation of personal or residential use. 2023 WL 5607594, *8–9.

These rulings align with the FCC's longstanding interpretation that wireless numbers listed on the National Do Not Call Registry are entitled to the same protections

as landlines. See *In re Rules & Regulations Implementing the TCPA*, 18 F.C.C. Rcd. 14014, 14039 (2003). This is why federal courts consistently deny motions to dismiss in analogous TCPA cases where plaintiffs allege use of a number for personal purposes and its presence on the DNC Registry. *See Robertson v. Mortgage Research Center, LLC*, No. 2:24-cv-04106, 2024 WL 5046604, at *1 (W.D. Mo. Dec. 9, 2024); *Gonzalez v. Burger L., LLC*, No. 4:23-CV-1094, 2024 WL 1014058, at *3 (E.D. Mo. Mar. 8, 2024); *Thompson v. Vintage Stock, Inc.*, No. 4:23-cv-00042, 2024 WL 492052, at *9 (E.D. Mo. Feb. 8, 2024); *Howell v. Smartmatch Ins. Agency, LLC*, No. 4:23-cv-00040, 2023 WL 6478881, at *3 (W.D. Mo. Sept. 29, 2023).

At this stage, nothing more is required to plausibly allege that his cell phone is a residential number protected by the TCPA.

### C.     Plaintiff Sufficiently Alleged Telephone Solicitations by Pathlock.

The implementing regulations for the TCPA define a telephone solicitation as "the initiation of a telephone call or message," made for the purpose "of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(15).

Because the TCPA can be violated merely upon the initiation of a call for a prohibited purpose, "the relevant question is a Defendant's *purpose* in initiating the calls, not what *occurred* on each call." *Bennett v. GoDaddy.com LLC*, No. CV-16-03908, 2019 WL 1552911, at *8 (D. Ariz. Apr. 8, 2019) (emphasis in original). Where "the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services," the TCPA has been violated, even if the call was not answered. *Id.* (citing *Golan v. Veritas Ent., LLC*, 788 F.3d 814, 816 (8th Cir. 2015)). As

11

noted by the Ninth Circuit in approaching a similar issue under the TCPA, courts should "approach the problem" of determining why calls were made "with a measure of common sense." *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012).

Defendant's reliance on cases like *Aaronson v. CHW Group, Inc.*, No. 1:18-cv-1533, 2019 WL 8953349 (E.D. Va. Apr. 15, 2019), and *Doyle v. GoHealth, LLC*, No. 22-04291, 2023 WL 3984951 (D.N.J. Mar. 30, 2023), is misplaced. In *Aaronson*, the complaint was dismissed because it was "devoid of facts such as how the caller identified itself, the substance of the calls, or any other details from the telephone calls." 2019 WL 8953349, at *2. In *Doyle*, dismissal was warranted because the allegations created ambiguity: although the caller identified GoHealth, she simultaneously listed multiple other companies, leaving it unclear on whose behalf the call was placed. 2023 WL 3984951, at *1.

This case is entirely different. Plaintiff Koeller provides detailed allegations regarding the content and purpose of the calls. He alleges that the caller identified himself by name ("JT"), expressly stated that he was calling on behalf of Pathlock, and attempted to sell Pathlock's cybersecurity products and services. ECF No. 1, ¶¶ 20–22, 26. Plaintiff also alleges the specific dates and times of the calls and the caller IDs from which they originated. *Id.* ¶¶ 19–27. These facts leave no ambiguity about the nature of the calls: they were telephone solicitations made for the purpose of selling Pathlock's services. In short, Defendant's authorities address situations where the complaint lacked factual detail or where the caller's identification was inconsistent or ambiguous. In sharp contrast, Plaintiff here provides detailed, consistent, and specific allegations establishing that the

12

calls were solicitations for Pathlock's services. Defendant's cited cases therefore underscore the sufficiency of Plaintiff's Complaint rather than undermine it.

## V. CONCLUSION

The TCPA was enacted to protect consumers from precisely the type of unlawful telemarketing alleged here. Plaintiff Koeller alleges that his personal, residential number—listed on the National Do Not Call Registry since 2007—was twice called by Pathlock, that the caller identified himself by name and by company, and that he attempted to sell Pathlock's cybersecurity services. Plaintiff even instructed Pathlock not to call again, yet it did so anyway. These allegations are detailed, specific, and far from conclusory. Defendant's motion relies on cases where complaints lacked such detail or involved ambiguity about the caller's identity or purpose. Those authorities are readily distinguishable. Whether Plaintiff's line is residential and whether the calls were solicitations are fact-intensive questions reserved for discovery, not for Rule 12(b)(6). Courts in this District and across the country consistently deny dismissal on similar allegations. Thus, Plaintiff respectfully requests that the Court deny Pathlock's motion.

*[Counsel signature block to follow on next page.]*

Dated: October 17, 2025

Respectfully submitted,

*/s/ Cassandra P. Miller*
Cassandra P. Miller
Raina C. Borrelli
Andrew G. Gunem
**STRAUSS BORRELLI PLLC**
980 North Michigan Avenue
Suite 1610
Chicago, IL 60611
cmiller@straussborrelli.com
raina@straussborrelli.com
agunem@straussborrelli.com

Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLAINCE**

The undersigned hereby certifies that this memorandum contains 3,591 words and thus complies with D.C.COLO.LPtR 17.

Dated: October 17, 2025

Respectfully submitted,

*/s/ Cassandra P. Miller*
Cassandra P. Miller

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies, that on October 17, 2025, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record.

Dated: October 17, 2025

Respectfully submitted,

*/s/ Cassandra P. Miller*
Cassandra P. Miller