— **EXHIBIT A** —

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:24-cv-03231-DDD-KAS

SHANE SCOFIELD, individual and on behalf of all others similarly situated,

    Plaintiff,

v.

ALLEVIATE TAX LLC,

    Defendant.

## ORDER
## DENYING MOTION TO DISMISS AND MOTION TO STRIKE

Defendant Alleviate Tax LLC moves both to dismiss the plaintiff's putative class-action complaint and to strike his proposed class definition. Docs. 15, 16. Because the motion to dismiss is premised on a factual dispute that would be inappropriate to resolve at this stage of the litigation, and because Alleviate has not shown that class certification would be impossible, both motions are denied.

## BACKGROUND

Plaintiff Shane Scofield alleges that on February 15, 2024, he received a call on his "residential cellular" phone from a number identified as 706-998-5526. Doc. 1 ¶ 22. He did not answer, and he received a voicemail stating the following:

> This is an important update from the Tax Relief Centre. According to our records, you may still have an existing state or federal tax balance that needs to be addressed. The new 2024 Advantage Tax Relief Fund is now available to small businesses like yourself. The Advantage Tax Relief Program is designed to reduce your tax debt by up to

- 1 -

> 100 percent, and it simply requires a brief five-to-ten-minute phone consultation. There is no personal information required, but the funding for this program is only expected to be available through the end of this month. It is imperative that you call today to secure your position and determine your eligibility. Call us back now at 888-355-2972 and ask to speak with one of our certified tax relief specialists. Again, that number is 888-355-2972.

*Id*. ¶ 23. Mr. Scofield alleges that "the call was clearly pre-recorded because (a) the call was obviously scripted, (b) the recording had a generic, monotone, robotic voice, (c) was likely generated using a computer text-to-speech program, and (d) other callers received the same exact pre-recorded message." *Id*. ¶ 24. He also alleges that "the well-respected app RoboKiller identified other users who received the same exact pre-recorded message from the same exact phone number at the time." *Id*. ¶ 25 (citing *(706) 998-5526 – RoboKiller Lookup*, RoboKiller (Mar. 4, 2024), https://web.archive.org/web/20240304224252/https://lookup.robokiller.com/p/706-998-5526).

Mr. Scofield then called the 888 number "provided on the message to identify the identity of the caller who was calling him illegally and for no other reason." *Id*. ¶ 26. A male answered the call and asked if the plaintiff was interested in tax-assistance services. *Id*. ¶ 27. Eventually, the person who answered "identified his company as Alleviate Tax." *Id*.

Mr. Scofield alleges that the phone number at which he received the call was on the National Do Not Call Registry for more than a year prior to the call at issue. *Id*. ¶ 17. He alleges he uses the phone number "for personal, residential, and household reasons," that the number "is not associated with a business," that he "never consented to receive calls from Defendant," and that he "never did business with the Defendant." *Id*. ¶¶ 18-21. He alleges that the call was an unwanted, nonconsensual encounter, and that he never provided his consent for or requested the

- 2 -

call. *Id*. ¶¶ 28-31. He alleges that his "privacy has been violated by the above-described telemarketing call." *Id*. ¶ 30.

Based on these allegedly improper communications, Mr. Scofield brings one claim for violation of the Telephone Consumer Protection Act, which prohibits making telephone calls using an artificial or prerecorded voice to a cellular or residential telephone number without the prior express consent of the called party. *Id*. ¶¶ 48-52; 47 U.S.C. § 227(b)(1). He brings this claim on a class-action basis, on behalf of all others who received identical or substantially similar prerecorded telephone calls from Alleviate or its agents. Doc. 1 ¶¶ 33-47. Alleviate moves to dismiss Mr. Scofield's claim and to strike his class allegations. Docs. 15, 16.

## APPLICABLE LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) requires a court to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). In doing so, the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th

Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). A court will "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* At this stage, the well-pleaded facts underlying a plaintiff's allegations must articulate a viable legal claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555.

## DISCUSSION

### I. Motion to Dismiss

The crux of Alleviate's motion to dismiss is that Mr. Scofield "fails to establish any clear connection between Alleviate and the alleged violation." Doc. 15 at 2; *see also* Doc. 39 at 2 ("Plaintiff has failed to trace the 706-number back to Alleviate . . . ."). Alleviate contends that without making that connection, Mr. Scofield cannot satisfy the requirement of the Telephone Consumer Protection Act that a plaintiff must show that the defendant "ma[d]e" or "initiate[d]" the calls in question. *See* 47 U.S.C. § 227(b)(1)(A), (B); 47 C.F.R. § 64.1200(a)(1), (3).

Alleviate is right about the legal requirement, but wrong that the complaint is insufficient to satisfy it at the motion-to-dismiss stage. The complaint alleges that Mr. Scofield received a call and a resulting voicemail that urged him to call a number, and that the person who answered that number identified "his company" as Alleviate. Doc. 1 ¶¶ 22-27. Taking these allegations as true, as I must at this stage, and making all reasonable inferences in favor of Mr. Scofield, as I also must at this stage, this is sufficient to allow a reasonable juror to infer that Alleviate was responsible for—that is, made or initiated—the call. *See Alvarado*, 493 F.3d at 1215.

It may be true, as Alleviate argues, that it was not actually behind the call. Perhaps the person who answered the call was mistaken or lied

- 4 -

about who he was working for; perhaps Mr. Scofield's account of the call is inaccurate; perhaps some other company paid for a call that was attributed to Alleviate. Those are all possibilities. If Alleviate can show that one of them is true, and that it did not actually cause the call to be made, it can win the case. And if, as Alleviate contends, the plaintiff cannot find any evidence to support his assertion that Alleviate is associated with the phone numbers or phone calls, then it can also win the case. But those are material factual disputes that cannot be resolved at this stage, at least without converting the motion to one for summary judgment. *See* Fed. R. Civ. P 12(d).

Even if it were proper to consider Alleviate's argument that it is not connected to the number that appeared on Mr. Scofield's caller ID, that would not change the outcome. Phone numbers are easily spoofed, and making a call appear to come from a number other than the one belonging to the actual caller is hardly unheard-of, especially in the robocalling world. Likewise, the argument that there is nothing to support the claim that the call was made by an agent of Alleviate is unpersuasive. The allegation is that the person who answered the number left in the robocall's voicemail said that he was doing so on Alleviate's behalf. Mr. Scofield may be unable to prove that down the road, but for now that is not his burden. He has plausibly alleged it, and that is sufficient to defeat a motion to dismiss. *See Iqbal*, 556 U.S. at 678 (plaintiff clears "the line between possibility and plausibility" if he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Taking as true Mr. Scofield's allegations regarding the nature of his telephone number, the nature of the voicemail, and that he did not provide prior consent to the call, it is certainly reasonable to infer that the call he received was a "call (other than a call made for emergency

- 5 -

purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice . . . to a[] telephone number assigned to a . . . cellular telephone service" and a "call to a[] residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii), (b)(1)(B); *see Klassen v. Solid Quote LLC*, 702 F. Supp. 3d 1052, 1056-57 (D. Colo. 2023) (telephone number may be both cellular and residential); *see also, e.g.*, *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012) (approaching interpretation of Section 227 "with a measure of common sense"). Mr. Scofield has thus met his burden to plead a claim that is viable under the Telephone Consumer Protection Act. *See* 47 U.S.C. § 227(b)(3) (providing private cause of action for violations of the Act). Alleviate's motion to dismiss therefore is denied.

**II. Motion to Strike Class Allegations**

"[M]otions to strike class allegations before discovery commences . . . are generally disfavored." *Cleary v. Whole Foods Mkt. Rocky Mountain/southwest L.P.*, No. 15-cv-01247-MEH, 2016 WL 7048899, at *2 (D. Colo. Dec. 5, 2016). "In most circumstances, it is appropriate for courts to allow discovery before determining whether class certification is appropriate." *Id.* (quoting *Wornicki v. Brokerpriceopinion.com, Inc.*, No. 13-cv-03258-PAB-KMT, 2015 WL 1403814, at *4 (D. Colo. Mar. 23, 2015)). "[C]ourts in this District have held that the '[d]efendant must demonstrate from the face of the plaintiffs' complaint that it will be *impossible* to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove.'" *Id.* (quoting *Francis v. Mead Johnson & Co.*, No. 1:10-cv-00701-JLK, 2010 WL 3733023, at *1 (D. Colo. Sept. 16, 2010)).

- 6 -

Alleviate has not shown that class certification is impossible here. It is correct that literally read, the class allegations would include individuals who consented to receive messages. *See* Doc. 1 ¶ 33. Since those messages would not violate the Telephone Consumer Protection Act, the proposed class definition is overbroad and may not satisfy Rule 23's commonality requirement. But, as I noted in denying similar motions in a similar case brought under the Act, that is an issue that is more appropriate for resolution at the certification stage than on the pleadings. *Hudson v. Homeadvisor, Inc.*, 348 F.R.D. 690, 693 (D. Colo. 2025). As noted in *Hudson*, that is especially so given that the private right of action here "'offers many advantages for class-wide adjudication,' and any issues with the current class definition can likely be cured at a later time." *Id.* (quoting *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 655 (4th Cir. 2019) (noting that plaintiff suing under the Act "is likely to be in the same position as a great many other people and can rely largely on common proof to make out his claim")).

Alleviate's other arguments are unpersuasive. Most of those arguments restate the motion to dismiss and are rejected for the same reasons discussed above. Nor do I agree that the class allegations are impermissibly vague. To the extent that what constitutes a "substantially similar pre-recorded message" might be unclear at this stage, it is likely to be cleared up through discovery and does not render the allegations so vague as to be impossible to prove. Likewise, figuring out what might constitute "telemarketing" does not strike me as impossible.

I am also puzzled by the argument that the complaint seeks to expand the class beyond the four-year statute of limitations. The proposed class defined in the complaint includes those who received calls "from four years prior to the filing date of this Complaint through trial." Doc. 1 ¶ 33. The first cutoff then matches the statute of limitations. *See* 28

U.S.C. § 1658(a). The latter aspect seems to be what Alleviate is actually concerned about, arguing that allowing the class to continue to accrue members after the filing of the suit is unfair because it would deprive Alleviate of notice about "the subject matter, size, and character of the class." Doc. 40 at 6. Perhaps as to the size of the class, the proposed language might add some uncertainty. But that is only if Alleviate has continued (as the plaintiff alleges) to engage in the same challenged behavior after the filing of this case, in which case it would know how large the potential addition to the class might be. More to the legal point, Alleviate has not pointed me to any authority that holds that a statute of limitations bars claims that are brought based on facts that are *too recent*, which is its objection here.

For all these reasons, the motion to strike is denied.

## CONCLUSION

It is **ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss, **Doc. 15**, and Defendant's Motion to Strike Class Allegations, **Doc. 16**, are **DENIED**.

DATED: September 18, 2025     BY THE COURT:

_____
Daniel D. Domenico
United States District Judge