— **EXHIBIT B** —

# Abramson v. Josco Energy USA, LLC

United States District Court for the Western District of Pennsylvania

August 1, 2022, Decided; August 1, 2022, Filed

2:21-cv-1322

**Reporter**

2022 U.S. Dist. LEXIS 237792 *

STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated, Plaintiff, v. JOSCO ENERGY USA, LLC, Defendant.

**Counsel:** [*1] For Stewart Abramson, individually and on behalf of a class of all prsons and entities similarly situated, Plaintiff: Anthony I. Paronich, LEAD ATTORNEY, PRO HAC VICE, Paronich Law, P.C., Hingham, MA USA; G. Clinton Kelley, LEAD ATTORNEY, The Law Office of G. Clinton Kelley, Pittsburgh, PA USA.

For JOSCO ENERGY USA, LLC, Defendant: Alexandra Nicole Krasovec, LEAD ATTORNEY, PRO HAC VICE, Manatt, Phelps & Phillips, Los Angeles, CA USA; Frederick P. Santarelli, LEAD ATTORNEY, Elliott Greenleaf & Siedzikowski, PC, Blue Bell, PA USA; John William McGuinness, LEAD ATTORNEY, PRO HAC VICE, Manatt, Phelps & Phillips, Washington, DC USA; Steven Tolliver, Jr, Elliott Greenleaf, P.C., Blue Bell, PA USA.

**Judges:** Mark R. Hornak, Chief United States District Judge.

**Opinion by:** Mark R. Hornak

## Opinion

**MEMORANDUM ORDER DENYING MOTION TO DISMISS**

This is a case involving the Telephone Consumer Protection Act ("TCPA"). Plaintiff Stewart Abramson alleges that Defendant Josco Energy USA, LLC violated the TCPA based on a phone call that Plaintiff received on September 15, 2021. (*See* ECF No. 25.) Plaintiff seeks to represent a nationwide class of individuals who received an "identical or substantially similar" call. (*Id.* ¶ 40.)

The Court has before it Defendant's Motion to Dismiss [*2] Plaintiff's First Amended Complaint. (ECF No. 26.) This Court granted Defendant's previous Motion to Dismiss on April 22, 2022, after concluding that the non-conclusory allegations in the Complaint were not sufficient on their own to establish Article III standing or TCPA liability. (ECF No. 24, at 4.) The dismissal was without prejudice and the Court granted Plaintiff leave to amend within fourteen days. (*Id.* at 5.) Plaintiff filed the First Amended Complaint on April 29, 2022, (ECF No. 25), and Defendant filed the current Motion to Dismiss on May 13, 2022, (ECF No. 26). The Motion to Dismiss was fully briefed by the parties in short order and is now ripe for disposition. (*See* ECF Nos. 27-29.)

The Motion to Dismiss reiterates essentially the same arguments put forth by Defendant in the Motion to Dismiss Plaintiff's original Complaint. That is, Defendant argues (1) that the Amended Complaint does not allege sufficient facts to establish Article III standing, particularly as to the requirements of causation and redressability; (2) that the Amended Complaint fails to state a claim on which relief may be granted because it does not sufficiently allege that Defendant (or Defendant's agent) placed the call that **[*3]** is the basis of Plaintiff's claim and because it fails to adequately allege the use of a pre-recorded voice; and (3) that the class allegations in the Amended Complaint are so facially inadequate that class certification cannot be granted as pled. (*See* ECF Nos. 26-27.)[1]

When evaluating a motion to dismiss, the Court must accept all the non-conclusory allegations in the complaint as true, "and the plaintiff must be given the benefit of every favorable inference." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). The plaintiff's factual allegations must "raise a right to relief above the speculative level" and state a plausible claim for relief, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929. "[A] formulaic recitation of the elements of a cause of action" is insufficient, *id.* at 555, and the complaint must do more than "plead[] facts that are 'merely consistent with' a defendant's liability," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *id.* at 557). Applying these principles, the Court concludes that Defendant's Motion to Dismiss the First Amended Complaint should be denied.

i. Sufficiency of allegations connecting Defendant to the call

First, the Court concludes that the allegations in the Amended Complaint are sufficient to establish the requisite connection between Defendant and the call for the purposes of both Article III standing **[*4]** and TCPA liability.[2]

The original Complaint alleged that Plaintiff received a "call [which] began with [a] pre-recorded message"[3] and referenced an unidentified "utility company." (ECF No. 1 ¶ 23.) It alleged that Plaintiff "pressed one" as directed by the message in order to "properly identify the calling party," and was then transferred to an agent who identified himself as "Brian Parker" and said "he was calling with an offer to enroll the Plaintiff for an electric supplier named Josco Energy." (Id. ¶¶ 24-25.) Finally, the original Complaint alleged that Plaintiff "agreed to participate in a recorded verification process" and "was subsequently transferred to the Josco Energy recorded verification system" where he was ultimately "provided the verification number '00633765.'" (Id.

---

[1] The Court's Memorandum Order granting Defendant's prior Motion to Dismiss focused on the sufficiency of the allegations connecting Defendant to the call for both Article III standing and Fed. R. Civ. P. 12(b)(6) purposes. Because the Court concluded that those allegations were insufficient to survive the Motion to Dismiss, the Court did not address the sufficiency of the allegations regarding the use of a pre-recorded voice or the adequacy of the class allegations. (*See* ECF No. 24, at 4 n.3.)

[2] On the question of liability, the Court notes that Plaintiff does not appear to be relying on an agency theory at this time, as Plaintiff's Response to the Motion to Dismiss argues that it "is plausible . . . to infer that JOSCO [E]nergy itself called Plaintiff." (ECF No. 28, at 6.)

[3] Both the Complaint and the Amended Complaint recite the content of the pre-recorded message: "Hello. This is an apology call from your utility company. It has come to our knowledge that you have been paying more than your consumption from previous few months. You will be reimbursed [by fifty dollars] along with thirty five percent discount on your electricity and gas bill. Please press one to get your reimbursement." (ECF Nos. 1 ¶ 23; 25 ¶ 23.)

¶¶ 26-28.) The Court concluded that these allegations "at best suggest[ed] that the caller had some connection to Defendant and that Defendant stood to benefit from the call" and determined that "such facts, even if true, [we]re not sufficient on their own to establish Article III standing or TCPA liability." (ECF No. 24, at 4.)

But now there is more. In addition to the allegations that were already included in the original [*5] Complaint, the Amended Complaint contains the following supplemental allegations. First, the Amended Complaint alleges that Brian Parker appeared to have access to the Josco recorded verification system because he "was able to monitor and interrupt" Plaintiff's interactions with that system and "inform[]" Plaintiff on how to respond "correctly." (ECF No. 25 ¶¶ 28-29.) Second, the Amended Complaint alleges that the recorded verification system provided Plaintiff with "the telephone number of Josco Energy, (877) 955-6726." (*Id.* ¶ 30.) Third, the Amended Complaint alleges that Brian Parker "was an employee of Josco Energy or [was] otherwise granted access to their proprietary systems." (*Id.* ¶ 31.) In support of this allegation, Plaintiff alleges that Brian Parker did not mention, promote the energy services of, or transfer Plaintiff to the recorded verification systems of any other entities. (*Id.* ¶¶ 32-34.) Finally, Plaintiff alleges that the verification number provided, "00633765," "was unique to a sale for Josco Energy." (*Id.* ¶¶ 35-36.)

Defendant argues that Plaintiff does not provide any facts to establish "why he believes the phone number and 'verification number' are associated with [*6] Josco," that that Plaintiff "fails to plausibly allege that the verification system belongs to Josco." (ECF No. 27, at 14.) But at this stage, the Court must take the allegations in the Amended Complaint as true, along with any permissible and plausible inferences, and those allegations and inferences are that the first person that Plaintiff spoke to, Brian Parker, transferred Plaintiff to a system that provided Plaintiff with a verification number unique to a sale for Josco as well as a phone number for Josco. Moreover, Plaintiff alleges that Mr. Parker did more than merely transfer him to the Josco verification system; he alleges that Mr. Parker continued to be actively engaged in the call as Plaintiff completed the verification process. Defendant might dispute those facts, but as now alleged, they go beyond formulaically reciting the elements of Plaintiff's cause of action, and the Court must take them as true at this early stage in the litigation. *See Stemke v. Marc Jones Constr., LLC*, No. 5:21-CV-274-30PRL, 2021 U.S. Dist. LEXIS 181916, 2021 WL 4340424, at *3 (M.D. Fla. Sept. 23, 2021) ("To the extent Sunpro disputes that it directly placed the calls, Sunpro may take discovery on this matter and argue the issue at the dispositive motion stage.").

And in contrast to the original Complaint, the Court concludes that [*7] the allegations concerning Brian Parker's ongoing involvement in the call after Plaintiff had been transferred to the Josco verification system, including by helping Plaintiff to complete the verification process, go beyond merely alleging that Josco "st[ood] to benefit from the call." *Compare Klein v. Just Energy Grp., Inc.*, No. CV 14-1050, 2016 U.S. Dist. LEXIS 84447, 2016 WL 3539137, at *8 (W.D. Pa. June 29, 2016). When measured against the prevailing legal standards, the allegations of the Amended Complaint cross over the line to plausibly state a claim for relief and meet the mark for Article III standing.

ii. Sufficiency of allegations concerning the use of a pre-recorded voice

The Court next concludes that Plaintiff has sufficiently alleged the use of a pre-recorded voice. With respect to this aspect of TCPA liability, the Amended Complaint states that "[o]n September 15, 2021, the Plaintiff received a prerecorded telemarketing call on his cellular telephone number (412) XXX-5679." (ECF. No. 25 ¶ 19.) The Amended Complaint then provides the content of the "pre-recorded message":

> Hello. This is an apology call from your utility company. It has come to our knowledge that you have been paying more than your consumption from previous few months. You will be reimbursed [by fifty dollars] along with thirty five percent **[*8]** discount on your electricity and gas bill. Please press one to get your reimbursement.

(*Id.* ¶ 23.) Defendant argues that the Amended Complaint "alleges nothing more than conclusory allegations regarding the use of a pre-recorded voice." (ECF No. 27, at 24). In support, Defendant points to a case wherein the court held that a complaint was insufficient to survive a motion to dismiss when it made "conclusory alleg[ations] that Defendant utilized a pre-recorded message," and "merely proffer[ed] the content of" the message without alleging any facts "regarding the tenor, nature, or circumstances of the alleged calls." (*Id.* (citing *Manopla v. Sansone Jr.'s 66 Automall*, No. 17-cv-16522, 2020 U.S. Dist. LEXIS 74792, 2020 WL 1975834, at *2 (D.N.J. Jan. 10, 2020)).)

The Court concludes that the Amended Complaint in this case is distinguishable from that in *Manopla* for the following reasons. First, the Court concludes that the Amended Complaint here does plead the circumstances of the alleged call. Those circumstances are that after Plaintiff pressed one as directed by the pre-recorded message, he was transferred to an individual named Brian Parker who, after explaining that he was calling with an offer from Defendant, allegedly transferred Plaintiff to Defendant's recorded verification system and then interrupted that process **[*9]** to explain how to complete it correctly. Specific aspects of the message content are also consistent with the types of factors that courts have found significant in establishing that a given message utilizes a pre-recorded voice. Those include that the message began with a general "Hello"—without any reference to Plaintiff's identity, *see Somogyi v. Freedom Mortg. Corp.*, Civ. No. 17-6546, 2018 U.S. Dist. LEXIS 129697, 2018 WL 3656158, at *7 (D.N.J. Aug. 2, 2018); *Sojka v. Direct Buy, Inc.*, 35 F.Supp.3d 996, 1003 (N.D. Ill. 2014) (collecting cases), and that it directed Plaintiff to "press one" to get his reimbursement, *see Morales v. Sunpath Ltd.*, Civ. No. 1:20-1376, 2022 U.S. Dist. LEXIS 17858, 2022 WL 610766, at *9, n.105 (D. Del. Feb. 1, 2022). Once again, the allegations of the Amended Complaint, and the plausible inferences drawn from them, meet the requisite legal standard for the claims asserted to proceed to the next steps.

iii. Motion to strike the class allegations

Finally, the Court concludes that it will not strike the class allegations at this time. The Amended Complaint defines the nationwide "Robocall Class" as:

> All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the

> Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone **[*10]** calls to Plaintiff.

(ECF No. 25 ¶ 40.) Defendant argues that the class is overbroad because it includes individuals who consented to be called and who therefore "have not suffered any injury or harm" cognizable under the TCPA. (ECF No. 27, at 26.) Defendant also argues that common questions of law and fact do not predominate, asserting that this Court "would be required to conduct individualized inquiries into the content of the calls" received by each class member in order to determine whether they received "an identical or substantially similar prerecorded message," and arguing the same callers could have been conducting outreach "on behalf of more than one entity," creating another source of distinction between class members. (*Id.* at 28.)

Plaintiff argues that consent is an affirmative defense and that "[e]ven at the class certification stage, evidence of a defense as to some prospective class members does not render a class overbroad if the plaintiff demonstrates a means of ultimately excluding consumers that are subject to the defense from the class." (ECF No. 28, at 12.) Plaintiff further argues that since there has been no discovery, there has been no showing that Defendant had **[*11]** consent for any calls so the "lack of harm" issue raised by the Defendant is in essence premature, and that discovery can be used to identify which numbers (if any) were called with consent. Plaintiff further argues that the calls plausibly may have been set up with a single pre-recorded message and that discovery will be able to establish whether that is (or is not) the case, maintaining that he is "entitled to discovery to demonstrate at class certification that the defenses and other arguments [Defendant] prematurely identifies at this stage raise common questions with common answers." (*Id.* at 14.)

This Court denied a similar motion to strike class allegations at the Motion to Dismiss stage in *Swank v. Wal-Mart Stores, Inc.*, holding that such motions should be granted only in the rare case where the complaint demonstrates that no amount of discovery will allow the Plaintiff to meet the requirements of class certification. Civ. No. 13-1185, 2015 U.S. Dist. LEXIS 41789, 2015 WL 1508403, at *2 (W.D. Pa. Mar. 31, 2015). And a number of other courts have denied motions seeking to strike class allegations on the basis that they were overbroad or raised commonality concerns because of issues related to consent. *E.g., Sagar v. Kelly Auto. Grp., Inc.*, No. 21-CV-10540-PBS, 2021 U.S. Dist. LEXIS 227781, 2021 WL 5567408, at *7 (D. Mass. Nov. 29, 2021); *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308 (D. Mass. 2020); *Donaca v. Metro. Life Ins. Co.*, No. CV1305611MMMJCX, 2014 U.S. Dist. LEXIS 198899, 2014 WL 12597152, at *3-4 (C.D. Cal. Jan. 22, 2014).[4] The Court finds the reasoning in those cases persuasive. **[*12]** Additionally, the Court agrees with Plaintiff that discovery will or will not reveal whether the commonality concerns raised by Defendant are well founded. Thus, because the Court determines that there "it is possible that that discovery could possibly demonstrate the viability of the class," *Swank*, 2015 U.S. Dist. LEXIS 41789, 2015 WL 1508403, at *2, the Court concludes that it would be inappropriate to strike the class allegations at this stage, in that the Defendant's arguments in essence ask this Court to resolve, on the pleadings alone, whether

---

[4] Some courts have even concluded that defining a TCPA class to include only those individuals who have not given prior consent converts it into a "fail-safe class." *E.g., Adam v. CHW Grp., Inc.*, No. 21-CV-19-LRR, 2021 U.S. Dist. LEXIS 170620, 2021 WL 7285905, at *11 (N.D. Iowa Sept. 9, 2021) (collecting cases).

class treatment would be permitted under Rule 23, and if so, the scope of a certified class. It is simply premature for the Court to do that in light of the principles outlined above.

Accordingly, the Court hereby Orders as follows. The Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and/or Strike Plaintiff's Class Allegations (ECF No. 26) is DENIED, without prejudice. Defendant shall file its Answer to the First Amended Complaint on or before August 31, 2022.

/s/ Mark R. Hornak

Mark R. Hornak

Chief United States District Judge

Dated: August 1, 2022

**End of Document**