# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

EDWARD KOELLER, individually and
behalf of all others similarly situated,

        Plaintiff,

        v.

PATHLOCK, INC.,

        Defendant.

Civil Action No. 1:25-cv-02431-CNS-SBP

# DEFENDANT'S REPLY IN SUPPORT OF
# MOTION TO DISMISS PLAINTIFF'S COMPLAINT

In his Opposition (Dkt. 16) to Pathlock's Motion to Dismiss (*see* Dkt. 12), Plaintiff seemingly abandons any vicarious liability theory and argues that he has adequately pled that Pathlock itself made "telephone solicitation" calls "directly" to him, in purported violation of the TCPA's DNC provisions. *See* Dkt. 16 at 4-8. However, these arguments are belied and contradicted by the allegations in his Complaint, which repeatedly suggest the involvement of a third party or parties in placing the subject calls, as the Motion discusses and which Plaintiff's Opposition ignores. *See* Dkt. 12 at 9. Plaintiff's belated attempt to reframe the allegations in his Complaint as only alleging direct liability should be disregarded. *See Wilson v. Jenks*, 2014 WL 6515336, at *4 (D. Colo. Nov. 20, 2014) ("Plaintiff cannot amend his Complaint through filings in opposition to Defendants' motions to dismiss[.]")

At bottom, Plaintiff's Complaint conclusorily alleges, without factual enhancement, that "Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf" violated the TCPA. *See, e.g.,* Dkt. 1, ¶¶ 14, 13, 28, 39, 41. While Plaintiff points to his allegations regarding the dates of the calls and the phone numbers from which they originated, those facts do not tend to show Pathlock physically made the calls. "There is no discussion, for example, of any investigation Plaintiff conducted to form the understanding that Defendant operated the separate phone numbers from which these messages were sent." *Wilson v. MEDVIDI Inc.*, 2025 WL 2856295, at *4 (N.D. Cal. Oct. 7, 2025); *see also* Dkt. 12 at 5-11 (collecting cases). Nor do these threadbare allegations show that the calls Plaintiff purportedly received fit the statutory definition of a "telephone solicitation" under the TCPA, or that they even violated the TCPA at all, which is also fatal.

Thus, for all the reasons in the Motion and herein, Plaintiff's entire Complaint should be dismissed under Rule 12(b)(6).

**I.      Plaintiff Fails to Plausibly Allege a Theory of TCPA Liability.**

As to Pathlock's argument that Plaintiff has failed to plausibly plead a theory of TCPA liability (*see* Dkt. 12 at 4-12), Plaintiff's Opposition does not address Pathlock's arguments on vicarious liability, and focuses instead (albeit ineffectively) only on <u>direct</u> liability. *See* Dkt. 16 at 4-8. By not addressing vicarious liability, he has conceded the issue. *See Kosak v. Cath. Health Initiatives Of Colo.*, 2009 WL 3497782, at *6 (D. Colo. Oct. 28, 2009), *aff'd sub nom. Kosak v. Cath. Health Initiatives of Col.*, 400 F. App'x 363 (10th Cir. 2010) (finding plaintiff conceded arguments by failing to address them in response to defendant's motion).

Plaintiff then fails to defend his conclusory and contradictory (and thus inherently implausible) direct TCPA liability allegations. In that regard, Plaintiff contends that he has adequately alleged that the caller identified themselves as a "representative" of Pathlock and promoted Pathlock's products and services. *See* Dkt. 16 at 4. However, what Plaintiff actually alleged is that the "caller identified themselves as calling from 'Pathlock.'" *See* Dkt. 1 ¶ 20. Plaintiff simply concluded this person was a Pathlock "representative." *See id*. ¶ 22. In any event, the Motion demonstrates how, for good reason, the alleged content of a communication alone is not dispositive of (and therefore is insufficient to plead) direct TCPA liability and that more factual enhancement is needed. *See* Dkt. 23 at 11-12 (citing *Meeks*, *Belleville*, *Murray*, *Bennett*). Plaintiff does not provide such factual enhancement here. Plaintiff's Complaint does <u>not</u> allege (and his Opposition does not show where there are any such facts pled), for example, that (i) his Caller ID identified "Pathlock" as the caller; (ii)

2

the persons with whom he spoke identified themselves as a Pathlock "employee"; (iii)

Pathlock owns or uses the numbers used to call him; or (iv) he called those numbers and

reached Pathlock. *See* Dkt. 12 at 9. Such factual allegations, in addition to the content and

if properly pled, ***may*** be sufficient to plead direct TCPA liability in some cases. *See id*. (citing

*Aaronson*, *Rodgers*, *Doyle*, *Smith*, *Bank*). Without them, Plaintiff has not plausibly alleged

anything more than the fact that Pathlock stood to benefit from the calls. That is insufficient

to plausibly allege direct TCPA liability. *See Klein v. Com. Energy, Inc.*, 256 F. Supp. 3d

563, 578 (W.D. Pa. 2017) (rejecting plaintiff's "broad sweeping extension of [TCPA] liability,

whether direct or vicarious, to parties merely because they 'stand to benefit' from the call").

The *Wilson* case cited above is highly instructive on this point. There, the court

correctly applied this firmly-rooted pleading standard to evaluate the facial sufficiency of

allegations in a similar TCPA complaint, which likewise alleged "Defendant and/or its

affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the

[TCPA]" and where the defendant was identified by name in the subject communications.

2025 WL 2856295, at *3-4. In dismissing on this basis, the court held:

> The complaint does not plead sufficient facts to plausibly allege that
> Defendant was the party directly responsible for sending the alleged improper
> communications. Despite Plaintiff's conclusory allegation that the text
> messages were sent by Defendant, the complaint provides no factual details
> plausibly suggesting that Defendant actually sent them. There is no
> discussion, for example, of any investigation Plaintiff conducted to form the
> understanding that Defendant operated the separate phone numbers from
> which these messages were sent.

*Id.* (internal and other citations omitted). This Court should reach the same conclusion.

Plaintiff's cited authorities on this front do not compel a different result. *See* Dkt. 16

at 4-5. For example, in *Scofield v. Alleviate Tax LLC, see* Dkt. 16 at 4-5 (citing No. 1:24-cv-

3

03231-DDD-KAS, ECF No. 42 (D. Colo. Sep. 18, 2025)), the plaintiff called the phone

number back and reached someone who identified "his company" as Alleviate (the

defendant). *Id*. Here, Plaintiff does not allege that he called the number back and reached

Pathlock or otherwise traced the phone number used back to Pathlock.

Plaintiff also relies on *Smith*, where the court misapplied and conflated the standards

for pleading "traceability" for **Article III standing** purposes under Rule 12(b)(1) with the

more precise standards for pleading direct and vicarious TCPA liability under Rule 12(b)(6),

which are distinct legal concepts with different pleading requirements; thus it was wrongly

decided. *See Smith v. Am.-Amicable Life Ins. Co. of Texas*, 2022 WL 1003762, at *1-2

(E.D. Pa. Apr. 4, 2022) (ruling on the "Traceability of Calls to Defendant" and holding

alleging the at-issue calls were made "by or on behalf" of defendant was sufficient, but not

applying "direct" or "vicarious" TCPA liability standards).[1] In short, *Smith* is of no moment.

In *Abramson v. Josco Energy USA,* 2022 U.S. Dist. LEXIS 237792, at *6 (W.D. Pa.

Aug. 1, 2022), the court ruled on an amended pleading with much more detail than Plaintiff's

Complaint here, including, for example, that the caller had access to the defendant's

proprietary systems and provided the plaintiff with a verification number that was unique to

the defendant.[2] The same is true of *Martin v. Bottom Line Concepts, LLC*. There, the court

determined the complaint sufficiently alleged the defendant's direct liability where it

contained a number of facts detailing plaintiff's investigation into the number that placed

---

[1] *Cf. Bank v. GoHealth, LLC,* 2021 WL 2323282, at *6–12 (E.D.N.Y. Mar. 8, 2021), *report and rec. adopted,* 2021 WL 1884671 (May 11, 2021) (correctly applying these standards)
[2] The *Josco* court also dismissed that plaintiff's earlier complaint on direct and vicarious liability grounds. *See* Case No. 2:21-cv-01322-MRH (W.D. Pa. Apr. 22, 2022), Dkt. 24.

the call as well as the message that played when dialing the number, including that it referenced a d/b/a of the defendant. *See* 723 F. Supp. 3d 270, 282 (S.D.N.Y. 2024). There are no such supporting facts in the Complaint at bar.

In *Escano v. Symmetry Fin. Grp. of N. Carolina, LLC*, the caller sent the plaintiff an email during one of the calls that identified the caller by her name, phone number, and email address. The email address also "automatically re-direct[ed] to ... [the defendant's] website." 2022 WL 2072875, at *2 (D.N.M. June 9, 2022). In *Taylor v. Suntuity Solar LLC*, 2024 WL 964199, at *1-6 (M.D. Fla. Mar. 6, 2024), the plaintiff alleged *inter alia* that: (a) the only two calls at issue originated from the same number, (b) both "followed the same script," and (c) she received an email from "a call center agent of the Defendant" immediately following the second call. And in *Stemke v. Marc Jones Constr., LLC,* the plaintiff alleged that she or her attorneys somehow "***confirmed***" that one of the phone numbers used by one of the callers ***"belong[ed]"*** to the defendant. 2021 WL 4340424, at *2–3 (M.D. Fla. Sept. 23, 2021) (emphasis added). No such facts were pled here, either.

Plaintiff also relies heavily on *Cunningham v. Watts Guerra, LLP,* 2024 WL 3100773 (W.D. Tex. May 23, 2024), which has not been cited by any court to date for the pleading standards for TCPA liability, does not cite any relevant TCPA cases for its holding on direct and vicarious liability, and on the whole stands in stark contrast to the majority of decisions in this Circuit and nationally on these points, cited in the Motion and above (among others). In short, *Cunningham* has zero persuasive value and should not be applied in this case.

Plaintiff also cites various cases with no analysis, and proclaims that the Court can infer direct liability here as "other courts have done with far less problematic boilerplate

motions than those proffered by Defendant's counsel here." Dkt. 16 at 8 (citing, *inter alia,*

*Toney*, *Dudley*, *Atkinson*). Those cases are inapposite for several reasons, too. In *Atkinson*

*v. Choice Home Warranty*, for example, the court declined to dismiss after improperly

crediting that plaintiff's bald conclusions that she received calls "from Defendant" and that

the calls were "for telemarketing purposes" to sell her a "home warranty." As the authorities

cited in the Motion and herein show, that is inconsistent with how the majority of courts

have evaluated the facial sufficiency of direct TCPA liability claims at the pleading stage,

showing that *Atkinson* is an outlier. Moreover, the factual tipping point for that court on the

direct liability front was that the plaintiff alleged he expressly "asked if the company making

the calls had a website" on one call and was provided with the defendant's website. 2023

WL 166168, at *5 (D.N.J. Jan. 11, 2023). Plaintiff does not allege this here.

　　　　*Dudley v. Vision Solar, LLC* is distinguishable from this case on two levels—legally

because the court did not discuss the standards for pleading direct TCPA liability or cite

case law for its holding on that issue, and factually because the plaintiff scheduled a

meeting with the caller, and an employee of the defendant later showed up at the plaintiff's

house and provided him a business card identifying the defendant. *See* 2021 WL 3077557,

at *4 (E.D. Pa. July 21, 2021). This case is not at all similar to *Dudley*. In *Toney v. Quality*

*Res., Inc.*, the court found the complaint <u>failed</u> to assert a direct liability theory. 75 F. Supp.

3d 727, 742 (N.D. Ill. 2014). Thus, *Toney* does not support Plaintiff's argument, either.

Plaintiff also purports to rely on a summary judgment decision (*Chinitz*), which is irrelevant.

　　　　Finally, Plaintiff misconstrues the holdings in some of Pathlock's many on-point

authorities on this issue, while ignoring others. *See* Dkt. 16 at 6. Each case Plaintiff cherry-

picks applies here and demonstrates that his allegations are insufficient to plead a direct TCPA liability theory. In each, the plaintiffs failed to plausibly allege that the defendant(s), and not a third party, physically initiated each of the subject communications to them directly. That is the accepted federal standard for pleading a direct TCPA liability theory at the pleadings stage, as the Motion shows. *See* Dkt. 12 at 3. Plaintiff's allegations do not tend to show who actually, physically initiated the calls. This remains true even though he alleged the date of the calls, the caller ID (i.e., the number from which the calls originated), the caller's name ("JT"), and that the caller made "repeated references" to Pathlock and its products and services, as none of those facts makes it more likely that Pathlock itself, as opposed to a third party, physically initiated the calls.

Indeed, the Motion also demonstrates how the Complaint repeatedly and contradictorily alleges that either Pathlock itself made the calls or unknown third parties did. This "either/or" approach to pleading TCPA liability has been squarely rejected by myriad courts. *See* Dkt. 12 at 9-10 (collecting cases). Plaintiff attempts to sidestep this by suggesting "discovery *might* reveal third parties who could also be directly liable" including, for example, "Defendant's employee" who may be personally liable. Dkt. 16 at 8. However, Plaintiff's Complaint does not include any factual allegations suggesting any of Pathlock's employees may be personally liable. Thus, this argument must be disregarded, and the Complaint dismissed on direct liability grounds. *See Wilson*, 2014 WL 6515336, at *4.[3]

---

[3] Plaintiff's suggestion he needs "discovery" to confirm who called him and how that person is related to Pathlock shows he is on a fishing expedition and undermines his argument that he has sufficiently pled a direct liability theory. *Scruggs v. CHW Grp., Inc.,* 2020 WL 9348208, at *6-7, 10. (E.D. Va. Nov. 12, 2020) (dismissing TCPA claim on this basis).

II.    **Plaintiff Fails to Plausibly Allege He is a "Residential" Subscriber.**

Plaintiff seemingly argues he can simply conclude that the subject phone number is "residential," "personal" or "non-commercial," without pleading facts to support these conclusions, and avoid dismissal. *See* Dkt. 16 at 9-10. Plaintiff is wrong. *See* Dkt. 12 at 12-13 (citing *Morgan*, *Hicks*, *Rogers, Gillam*).[4]

Here, Plaintiff does not provide any factual context from which to infer how his phone number is actually used. Merely labeling the phone number as "residential," "personal" or "non-commercial" says nothing about its use. Such facts are within Plaintiff's knowledge and could be easily pled to show his number is used for "residential" purposes. *See* Dkt. 12 at 12-13 (citing *Rogers*). That he did not is telling and further fatal to his claim.

Plaintiff's cited authorities on this issue do not compel a different result. *See* Dkt. 16 at 9-11 (citing *Robertson, Gonzalez, Thompson, Howell, Klassen*, *Vallesillo, Katz*). In fact, the majority of these cases do not even address whether the plaintiff had plausibly alleged "residential" use under the TCPA. In *Robertson*, for example, the issue was whether the plaintiff had plausibly alleged receipt of a telephone solicitation. *See Robertson v. Mortg. Rsch. Ctr., LLC*, 2024 WL 5046604, at *1 (W.D. Mo. Dec. 9, 2024). In *Gonzalez*, the defendant moved to dismiss on the grounds that the plaintiff failed to plausibly allege vicarious liability. *Gonzalez v. Burger L., LLC*, 2024 WL 1014058, at *3 (E.D. Mo. Mar. 8, 2024). In *Thompson*, the court dismissed the plaintiff's TCPA internal DNC claim for lack of

---

[4] Indeed, as the Motion shows, "personal" use of a number is not synonymous with "residential" use under the TCPA, as many courts have correctly recognized. *See, e.g.,* Dkt. 12 at 12-13 & n.6 (citing *Hicks* (rejecting similar allegations), *Cunningham* (conclusory allegations subject number was used "for personal, family, and household" purposes did not mean it was a "residential" line) and *Mattson* (ruling similarly)).

standing. *Thompson v. Vintage Stock, Inc.*, 2024 WL 492052, at *7 (E.D. Mo. Feb. 8, 2024), *on reconsideration*, 2024 WL 1636705 (E.D. Mo. Apr. 16, 2024). And in *Howell*, the defendant argued that the plaintiff's alleged injury was not fairly traceable to its conduct because the calls were the result of the independent action of a third-party. *Howell v. SmartMatch Ins. Agency, LLC*, 2023 WL 6478881, at *3 (W.D. Mo. Sept. 29, 2023). None of these decisions addressed the pleading standard for "residential" use. Dkt. 16 at 11.

In *Vallesillo v. Money Tree Merch. Servs. Corp.*, the plaintiff not only alleged that the phone was "residential" and "his personal cell phone" but also that he "maintains no other personal phone numbers," "uses his phone number . . . to communicate for personal reasons with his friends and family," and "maintains a separate phone number for business purposes so that his customers do not call his personal cell phone." U.S. Dist. LEXIS 97600, at *22 (D. Neb. May 23, 2024). In *Katz*, the plaintiff alleged his numbers "are subscribed to him personally rather than a business and [are] on a plan intended for individuals rather than businesses." *Katz v. CHW Grp., Inc.*, 2023 WL 6445798, at *6 (W.D. Ark. Sept. 29, 2023). And in *Klassen v. Solid Quote,* the plaintiff alleged that the number was used "primarily for residential purposes, such as talking with friends and family." 702 F. Supp. 3d 1052, 1058 (D. Colo. 2023). In short, the plaintiffs in each of these cases plead additional "facts" to show how their number was actually used to avoid a dismissal. Plaintiff, by contrast, did not here. Thus, his entire claim should be dismissed for his reason, too.

III.     **Plaintiff Fails to Plausibly Allege Receipt of a "Telephone Solicitation."**

Plaintiff argues that he "provides detailed allegations regarding the content and purpose of the calls" to support his contention that the calls were "telephone solicitations"

under the TCPA. However, none of Plaintiff's allegations are detailed at all, nor do they tend to show the subject calls were "telephone solicitations." Plaintiff solely alleges that the caller "sought to solicit the Plaintiff to purchase Pathlock's cybersecurity services and products." Dkt. 1, ¶ 22. As the Motion demonstrates, however, allegations such as this, which merely regurgitate the statutory text and case law, amount to nothing more than bare conclusions, rather than actual facts on which this Court could reasonably infer whether the subject calls constituted a "telephone solicitation" as defined by the TCPA. Myriad courts have found such allegations insufficient to avoid dismissal on this basis. *See* Dkt. 12 at 14-15 (citing *Weingrad*, *Katz*, *Eggleston*, *Gillam, Bell*). *See also Bell v. Hawx Servs., LLC,* 2025 WL 2533371*,* at *3–4 (E.D. Cal. Sept. 3, 2025) (dismissing DNC claim where the complaint likewise merely alleged the defendant "attempted to solicit [plaintiff] to purchase [the defendant's] pest control services," holding that the plaintiff was "required to provide more than a conclusory statement that Defendant attempted to solicit him" to plead this element). Thus, Plaintiff's entire Complaint should be dismissed for this additional reason.

Dated: October 31, 2025                          Respectfully submitted,

                                                 By: /s/ *A. Paul Heeringa*

                                                 A. Paul Heeringa
                                                 **MANATT, PHELPS & PHILLIPS, LLP**
                                                 151 N. Franklin Street, Suite 2600
                                                 Chicago, IL 60606
                                                 Telephone: (312) 529-6300
                                                 Email: pheeringa@manatt.com

                                                 *Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on, October 31, 2025, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record.

*/s/ A. Paul Heeringa*