UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **EDWARD J. KOELLER,** individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>**PATHLOCK, INC.**<br><br>    *Defendant.* | Case No. 1:25-cv-02431-CNS-SBP |

## SCHEDULING ORDER

### 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Rule 26(f) conference was held on December 1, 2025.

Counsel for Plaintiff Edward J. Koeller ("Plaintiff"):

    Cassandra P. Miller – Strauss Borrelli PLLC
    Raina C. Borrelli – Strauss Borrelli PLLC
    Anthony Paronich – Paronich Law, P.C.

Counsel for Defendant Pathlock, Inc. ("Defendant"):

    John McGuinness (*pro hac vice* to be submitted), A. Paul Heeringa and Maddie Newcomb – Manatt, Phelps & Phillips LLP

### 2. STATEMENT OF JURISDICTION

        Plaintiff asserts that federal subject matter jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Defendant disputes that federal subject matter jurisdiction is proper to the extent that Plaintiff lacks standing under Article III of the United States Constitution to bring a TCPA claim.

### 3. STATEMENT OF CLAIMS AND DEFENSES

#### a. Plaintiff

Plaintiff alleges that Defendant violated the TCPA by making two unsolicited telemarketing calls to Plaintiff's cell phone number, which was listed on the National Do Not Call Registry since 2007. Plaintiff seeks statutory damages and classwide relief.

#### b. Defendant

As set forth in Defendant's pending motion to dismiss (see ECF No. 12 and 17), Defendant contends Plaintiff's Complaint is deficient, and therefore should be dismissed, under Fed. R. Civ. P. 12(b)(6) to the extent that Plaintiff has not sufficiently pled a theory of TCPA liability (i.e., direct or vicarious liability) or other key elements of his asserted TCPA claim (i.e., that he received a "telephone solicitation" or qualifies as a "residential" telephone subscriber under the TCPA's "Do Not Call" regulations) in accordance with federal pleading standards. Defendant disputes all of Plaintiff's allegations in this matter, contends that Plaintiff's claims are without merit (both legally and factually), contends that Plaintiff's Complaint is fatally and factually deficient, and denies that it violated the TCPA or any laws. Defendant further disputes the summary provided by Plaintiff above, and the allegations therein, and states that the foregoing summary is not an accurate recitation of the facts in this case. Defendant also disputes whether Plaintiff has Article III standing to bring his claims, or if this case is appropriate for or capable of class treatment under Rule 23. As Defendant has not yet responded to the complaint, Defendant reserves the right to raise any and all additional available defenses to the claims, or to raise any affirmative claims against Plaintiff.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff has filed a lawsuit alleging violations of the TCPA.

2. Plaintiff is an individual.

3. Defendant conducts business in this District.

### 5. COMPUTATION OF DAMAGES

#### a. Plaintiff

Plaintiff seeks statutory damages of $500 per call, trebled for willful violations, plus attorneys' fees and injunctive relief.

2

    b. **Defendant**

Defendant disputes that Plaintiff or any putative class member are entitled to any relief (particularly attorneys' fees, which are not recoverable under the TCPA). Defendant is not asserting an affirmative claim against Plaintiff at this time, but reserves the right to do so in accordance with all applicable rules.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    a. **Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on December 1, 2025.

    b. **Names of each participant and party he/she represented.**

Anthony Paronich for Plaintiff

Paul Heeringa for Defendant

    c. **Statement of when Rule 26(a)(1) disclosures were made or will be made.**

Without prejudice to Defendant's request for a discovery stay below, the Parties anticipate exchanging Rule 26(a)(1) disclosures on or before December 8, 2025.

    d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

    e. **Statement concerning any agreements to conduct informal discovery.**

The parties have not agreed to engage in any informal discovery at this time.

    f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

None at this time. The parties agree to work together in good faith to address and resolve any issues that may arise in the future in this regard, and to bring those issues to the Court if necessary.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

None anticipated at this time. The parties agree to work together in good faith to address and resolve any issues that may arise in the future in this regard, and to bring those issues to the Court if necessary.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed, and are continuing to discuss, the possibility of an extra-judicial resolution of this dispute. The parties do not believe that alternative dispute resolution is necessary at this time.

## 7. CONSENT

All parties ☐ [have] **X  have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

The parties advise the Court that they have not agreed on a discovery schedule.

For the reasons stated below in Section 9, and as will be discussed at the forthcoming scheduling conference or in formal briefing if so required, Defendant seeks a temporary discovery stay during the pendency of its fully-briefed motion to dismiss the Complaint or, in the alternative, bifurcated discovery (specifically, bifurcated to focus on Plaintiff's individual claims first for a short period before the parties move onto class discovery, as provided in the proposed bifurcated schedule below) if discovery proceeds at all.

The Plaintiff intends to oppose those requests.

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

**Plaintiff**: None. The Plaintiff intends to oppose the request for a stay of discovery.

**Defendant**: None, though Defendant contends all discovery should be stayed during the pendency of its motion to dismiss as discussed in Section 9 below.

**b. Limitations which any party proposes on the length of depositions.**

4

**Plaintiff:** No modification requested; default 7-hour limit is appropriate, though complex depositions (such as a 30(b)(6) witness) may require additional time by agreement.

**Defendant**: None, though Defendant contends all discovery should be stayed during the pendency of its motion to dismiss as discussed in Section 9 below.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

**Plaintiff:** None. The Plaintiff intends to oppose that request.

**Defendant**: None, though Defendant contends all discovery should be stayed during the pendency of its motion to dismiss as discussed in Section 9 below.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

**Plaintiff**: Written discovery must be served no later than April 1, 2026, to allow responses before the discovery cutoff.

**Defendant**: Without prejudice to its requests below, Defendant does not object to Plaintiff's proposed date above, though contends that all discovery should be stayed during the pendency of its motion to dismiss, or alternatively bifurcated with individual discovery to proceed first for 90 to 120 days, as discussed in Section 9 below

**e. Other Planning or Discovery Orders**

The parties anticipate filing a stipulated protective order regarding the confidentiality of any discovery.

### 9.  CASE PLAN AND SCHEDULE

For the reasons stated below, and as will be discussed at the forthcoming scheduling conference or in formal briefing if so required, Defendant seeks a temporary discovery stay during the pendency of its fully-briefed motion to dismiss the Complaint or, in the alternative, bifurcated discovery (specifically, bifurcated to focus on Plaintiff's individual claims first for a short period before the parties move onto class discovery, as provided in the proposed bifurcated schedule below) if discovery proceeds at all.

Defendant further requests that the parties be permitted briefing on these issues before the Court enters a schedule, given the complexities involved.

Plaintiff opposes a stay or bifurcation.

**Plaintiff's Position on Discovery Plan**:  Plaintiff opposes a stay or bifurcation. Accordingly, Plaintiff requests that the Court enter the following scheduling order:

   a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

Plaintiff proposes January 21, 2026.

   b.  **Discovery Cutoff:**

Plaintiff proposes July 1, 2026.

   c. **Motion for Class Certification**

Plaintiff anticipates filing a motion for class certification and proposes the following deadlines.

| EVENT | DUE DATE |
| --- | --- |
| Plaintiff's Motion for Class Certification and Class Expert Reports | Wednesday, July 15, 2026 |
| Defendant's Opposition to Motion for Class Certification and Rebuttal Class Expert Reports | Wednesday, September 16, 2026 |
| Plaintiff's Reply on Motion for Class Certification | Wednesday, November 18, 2026 |

   d. **Dispositive Motion Deadline:**

Because the outcome of class certification will likely affect the scope of any summary judgment briefing and may necessitate additional expert discovery, Plaintiff requests that the Court schedule a status conference following the Court's ruling on class certification to set any remaining pretrial deadlines.

Plaintiff suggests a date after Thursday, February 18, 2027.

   e. **Expert Witness Disclosure:**

   1. **The parties shall identify anticipated fields of expert testimony, if any.**

6

Plaintiff:

- Call-record analysis
- Telemarketing industry practices
- Damages/statutory-damages modeling
- Class certification issues (numerosity, pattern of calls, etc.)

Defendant has not yet identified anticipated fields of expert discovery at this time, but will do so by any date set by the court, and reserves the right to call rebuttal experts relating to Plaintiff's identified expert subjects.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

None.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 10, 2026.**

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 13, 2026.**

**<u>Plaintiff's Position on a Discovery Plan.</u>**

"If a stay of discovery had been sought, it likely would have been denied, as the normal practice in this district is not to stay discovery pending decision a dispositive motion. *See Aspen Corporations, Inc. v. Gorman*, 18-cv-01325-CMA-SKC, 2019 U.S. Dist. LEXIS 9207, 2019 WL 266313 (D. Co.) (denying stay of proceedings while motion to dismiss for lack of personal jurisdiction is pending, explaining that "stays are the exception in this judicial district, not the rule"); *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) ('This District generally disfavors stays of discovery.')" S*ebastian v. GreenLink Int'l, Inc.,* 2021 U.S. Dist. LEXIS 236572, *3-4 (D. Co. 2021).

Defendant has failed to carry its heavy burden to justify a stay of discovery. Defendant asserts that a stay is warranted because a resolution of its pending motion to dismiss because it may win. This does not constitute good cause to justify a stay. Indeed,

7

"had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 U.S. Dist. LEXIS 98963, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017). Moreover, Defendant's pending motions are not likely to succeed in any event.

Defendant's Motion to Dismiss ignores allegations in the complaint that must be taken as true and asks the Court to draw unreasonable inferences in Defendant's favor instead of reasonable inferences in Plaintiff's favor, as is required. Plaintiff Edward Koeller alleges that Defendant Pathlock, Inc. violated these clear protections when it placed, at least two unsolicited sales calls to his personal cell number, which has been on the National Do Not Call Registry since 2007. The Complaint sets forth specific factual allegations: the dates of the calls (June 17 and July 3, 2025), the caller IDs, the name of the Pathlock representative ("JT"), the company identified during both calls (Pathlock), the precise products being pitched (Pathlock's cybersecurity services), and the fact that Plaintiff explicitly told the caller not to call again after the first solicitation. Despite this request, Pathlock called again weeks later. ECF No. 1, ¶¶ 19–27. These allegations are far from "threadbare." They are detailed, factual assertions that readily clear the Rule 12(b)(6) plausibility standard. Pathlock's motion to dismiss attempts to reframe the case as one where Plaintiff merely "concluded" that Pathlock was responsible, but the Complaint provides dates, caller information, content of the calls, and repeated identification of Pathlock by name. Courts consistently deny dismissal in such circumstances, including this Court. *See Scofield v. Alleviate Tax LLC*, No. 1:24-cv-03231-DDD-KAS, ECF No. 42 (D. Colo. Sept. 18, 2025) (denying motion to dismiss when plaintiff alleged that the caller "identified his company as [the defendant]").

A delay from a stay of discovery would in fact prejudice Plaintiff and other class members by amplifying the risk that evidence will be lost or destroyed. *See, e.g.*, *Saleh v. Crunch, Ltd. Liab. Co.*, No. 17-62416-Civ-COOKE/HUNT, 2018 U.S. Dist. LEXIS 36764, at *4-5 (S.D. Fla. Feb. 28, 2018) ("a stay would prolong this matter on the Court's docket and could conceivably prejudice Plaintiff by the fading memory of any witnesses"); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (plaintiffs in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate").

The risk to the putative class members' interests is not merely hypothetical. Multiple decisions in TCPA class action cases have turned on the destruction of records necessary to identify class members. *See, e.g.*, *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007) (denying class certification in a TCPA case because "critical information regarding the identity of those who received the facsimile transmissions" was not available); *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011) (granting the defendant summary judgment for the substantially the same reason). As such, courts regularly permit plaintiffs to commence discovery prior

to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See, e.g.*, *Cooley v. Freedom Forever LLC et. al.*, No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014).

By contrast, Defendant will not be prejudiced at all if Plaintiff is permitted to proceed with discovery in the ordinary course. As another federal court explained in denying a motion to stay discovery in a TCPA case:

> In addition, [defendant] has not demonstrated irreparable injury; it notes only that it is potentially on the hook for substantial damages, given the putative nationwide class. Monetary damages, of course, do not by themselves constitute irreparable injury. [plaintiff], on the other hand, persuasively argues that she would be injured by a stay, particularly because discovery has yet to commence, and evidence is at risk of being lost. This injury, which is both likely and irreparable, far outweighs the injury posed by a potential future judgment for money damages.
>
> \* \* \*
>
> In the meantime, it is clear that critical evidence, including records from any third parties that [defendant] may have contracted with for its telephone marketing, may be lost or destroyed.

*Simon v. Ultimate Fitness Grp., LLC*, No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676, at *18, 21-22 (S.D.N.Y. Aug. 19, 2019).

Bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). To begin, the proposed bifurcation guarantees that the parties will need to duplicate their work. First, the parties would undertake "individual merits" discovery and all that entails: written discovery requests, depositions, and then expert disclosures and expert depositions, all limited just to the individual claim of the Plaintiff. Then, Defendant would file a dispositive motion to Plaintiff's individual claims. And then, should the Court deny that motion, the parties have to start all over again, serving discovery requests and taking depositions of the same witnesses a second time, but this time focusing on class certification and/or class merits issues, as well as the remaining issues on the Plaintiff's individual claim. And after that, there would be a second round of dispositive motions on the class claims. All told, this means at least two rounds of written discovery, two rounds of depositions (with the same witnesses being deposed twice), and then two rounds of summary judgment briefing. This is the opposite of judicial economy. Indeed, "bifurcation of discovery in this case will

increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, No. 3:cv-14-0282, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. Sept. 15, 2014).

The Court should deny Defendant's request to bifurcate for this reason alone. *See id.* (denying similar motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs., LLC*, No. 14-1053, 2014 U.S. Dist. LEXIS 203680, *4 (W.D. Pa. Oct. 21, 2014) ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in this case.").

Apart from the duplication of discovery outlined above, Defendant's proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification. Indeed, "[class certification] analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted); *Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 U.S. Dist. LEXIS 6778, at *6 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate merits and class discovery in TCPA action and explaining that "bifurcation would have the opposite effect [of "promot[ing] judicial efficiency or a prompt resolution of the case"]."); *Lakeland Reg'l Med. Ctr. v. Astellas US, LLC*, No. 8:10-cv-2008, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("[T]he line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'").

As another Court ruled when denying a motion to bifurcate in a TCPA case:

> The Court has reviewed the parties' joint status report. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in *Walmart v Dukes* has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*Katz v. Allied First Bank, SB*, No. 22-cv-5277, ECF No. 14 (N.D. Ill. Jan. 3, 2023). Other

10

courts have agreed. *See, e.g.*, *Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB (DFMX), 2025 WL 596095, at *2 (C.D. Cal. Feb. 24, 2025) (relying on several TCPA cases in rejecting a bifurcation of discovery holding, "the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery."); *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at *6 (W.D. Wash. Oct. 11, 2023); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst.").

As another federal court held earlier this year while rejecting bifurcated discovery in yet another TCPA case, "Because individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time. This result also implicates the third factor, judicial economy, and weighs against bifurcation." *Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025). Indeed, as another Court in Texas held on March 19, 2025 while rejecting a substantially similar bifurcation request from a TCPA defendant highlighting the signification overlap between merits and class certification discovery in a TCPA case while providing an overview of relevant case law:

> As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).
>
> And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).
>
> Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).
>
> In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No.

11

> 9:20-cv-00376-RMG, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *3.
>
> Similarly, here, the undersigned already found that Folsom "may not avoid appropriate classwide discovery that is — as Bond persuasively argues — necessary for a future class certification motion." Dkt. No. 28. And, so, the Court agrees with Bond that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of his individual claims and issues of class certification. *Accord True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D. Cal. 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).
>
> And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 79392, 2015 WL 11120408, *1-2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *3 (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").
>
> And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

*Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025). This Court should hold the same.

Defendant is also not correct that there is only "minimal" overlap between individual and class discovery. Discovery into who actually physically dialed the calls to Plaintiff, what dialing systems and scripts were used, what policies governed telemarketing on Defendant's behalf, what records exist regarding consent, and how putative class members are identified all go simultaneously to (1) the merits of Plaintiff's individual TCPA claim (liability, willfulness, and standing) and (2) Rule 23 requirements such as commonality, typicality, predominance, and adequacy. Courts have repeatedly

12

recognized that "the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine," and have therefore declined to bifurcate TCPA discovery for precisely this reason.. In practice, Defendant's proposed sequencing would guarantee duplication of written discovery, document review, and depositions, along with additional motion practice over where "individual" discovery ends and "class" discovery begins—hardly the efficient, Rule 1–compliant path Defendant suggests.

**Defendant's Position on Discovery Plan**:  Defendant does not agree with Plaintiff's proposed discovery plan. Defendant's position is that, for the sake of judicial and party economy, (i) discovery should be stayed during the pendency of its pending motion to dismiss (ECF 12) which would be fully case dispositive if granted, or (ii) alternatively that discovery should be bifurcated/phased, where the parties would focus on discovery relating to Plaintiff's individual claim for a short period, before moving onto broader discovery. In this regard, as Defendant believe the Court and parties would benefit from full briefing on these issues, Defendant intends to file a formal motion to stay the case or bifurcate discovery, and respectfully requests that the Court refrain from entering a case schedule until after it rules on said motion. To the extent the Court does not wish to consider formal briefing, Defendant states its position as follows:

*Discovery should be stayed during the pendency of Defendant's dispositive motion* - Because Defendant has filed a motion to dismiss (Dkt. 12), Defendant's position is that no scheduling order should be entered at this time and that discovery should not proceed in this case during the pendency of Defendant's dispositive motion, for the sake of judicial and party economy, as many other courts in the Tenth Circuit have held. *See, e.g., Martin v. SGT Inc.,* 2019 WL 12043488, at *1–2 (D. Utah Aug. 21, 2019) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.,* 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006)); *Mestas v. CHW Grp. Inc.,* 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (TCPA case); *Nardo v. Homeadvisor, Inc.,* 2022 WL 1198995, at *2 (D. Colo. Jan. 4, 2022) (TCPA case). *See also Wash. Univ. in St. Louis,* 2021 WL 243559, at *1 (E.D. Mo. Jan. 25, 2021) (finding "it would be a substantial hardship for [defendant] to engage in [class] discovery" while motion to dismiss was pending).

*Alternatively, discovery should be phased/bifurcated, for efficiency* - Alternatively, if discovery proceeds, Defendant believes bifurcated discovery—during which the parties would initially focus discovery for a period of 90 to 120 days on the merits of Plaintiff's individual TCPA claims and then brief summary judgment as to said claims, before moving on to broader discovery (if at all)—would be more efficient for all. Courts have noted that "[i]n cases asserting both individual liability and potential class action claims under the TCPA [like in this case], courts have [often] bifurcated discovery 'where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.'" *Fania v. Kin Ins., Inc.*, 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (quoting *Pavelka v. Paul Moss Ins. Agency, LLC,* 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023)). As another district court in this Circuit more recently noted, "TCPA cases

13

… present a unique opportunity that warrants bifurcated discovery due to th[e] cost savings" that can be realized. *Cameron v. CHW Group, Inc.,* 2025 WL 2336513, at *3 (D. Utah Aug. 13, 2025). As such, myriad federal district courts across the country have often bifurcated discovery in similar TCPA cases for these reasons, recognizing the efficiencies to be gained by all concerned. *See, e.g., Sapan v. Fin. of Am. Reverse LLC,* 2025 WL 1932935, at *1-2 (C.D. Cal. July 14, 2025); *Moore v. Demand Science Grp, LLC,* 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024); *Kemen v. Cincinnati Bell Tel. Co. LLC*, 2024 WL 3633333, at *2-3 (S.D. Ohio Aug. 2, 2024); *Osidi v. Assurance IQ, LLC,* 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022); *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021); *Harris v. Shore Funding Sols. Inc.,* 2023 WL 3440077, at *5 (E.D.N.Y. Apr. 21, 2023); *Newell v. Aliera Healthcare, Inc.,* 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019); *Leschinsky v. Inter-Continental Hotels Corp.,* 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015); *Degutis v. Fin. Freedom, LLC*, 2013 WL 10207621, at *1–2 (M.D. Fla. Oct. 18, 2013); *Mitchell v. Indus. Credit Corp.*, 898 F. Supp. 1518, 1521 (N.D. Ala. 1995) (all bifurcating discovery in TCPA cases, per schedules similar to as proposed below).

In the present case, there are several narrow issues unique to Plaintiff's individual TCPA claim that can be resolved efficiently from the outset of this case through targeted bifurcated discovery and summary judgment briefing. These include, *inter alia,* (i) whether Defendant is directly or vicariously liable for the subject calls (i.e., did Defendant itself physically place calls to Plaintiff or did a third party under its control place them); (ii) Plaintiff is a "residential telephone subscriber" within the meaning of the TCPA's "Do Not Call" provisions; (iii) whether Plaintiff provided his consent to the party that called him and/or has an established business relationship with that party; (iv) whether Plaintiff received a "telephone solicitation" within the meaning of the TCPA; and (v) whether Plaintiff has Article III standing to bring his TCPA claims or would be an adequate class representative. Myriad courts have found such narrow dispositive issues are appropriate for bifurcated discovery in similar TCPA cases, finding it is more efficient, any overlap with class-wide issues is likely to be minimal and that there is no prejudice to the plaintiff or anyone. *See*, *e.g., Kemen*, 2024 WL 3633333, at *2-3; *Cameron,* 2025 WL 2336513, at *1-3; *Sapan*, 2025 WL 1932935, at *1-3; *Moore*, 2024 WL 175743, at *1. And even if Plaintiff manages to survive summary judgment and the case "moves forward past [individual] discovery, he will be better positioned to represent the needs of the class." *Cameron,* 2025 WL 2336513, at *3. In short, there is no downside to bifurcation here.

In this regard, to the extent discovery proceeds int his case at all, and consistent with the foregoing authorities (where courts have entered similar bifurcated discovery schedules), Defendant proposes a short (90 to 120 day) "Phase 1" discovery period focused on the merits of Plaintiff's individual TCPA claims against Defendant, followed by summary judgment briefing, as follows:

- Discovery as to the merits of Plaintiff's individual claims to proceed for a period of ninety (90) or one hundred twenty (120) days after entry of the Court's scheduling order (no class discovery allowed during this period);
- Opening summary judgment motions as to the merits of Plaintiff's individual claims be due no later than thirty (30) days thereafter (though summary judgment motions may be filed at any point prior to this deadline);
- Oppositions to summary judgment due thirty (30) days after service of opening motions; and
- Reply briefs in support of summary judgment due fifteen (15) days after service of oppositions.

Defendant further proposes that either (i) class discovery resume only after the initial discovery period on Plaintiff's individual claim, or (ii) the Court set a further case management conference, at the Court's convenience, after the Court has ruled on summary judgment motions relating to Plaintiff's individual TCPA claims to order to set (if necessary and should this case proceed) a schedule for class claim discovery and all other case management deadlines.

Lastly, Defendant disagrees with Plaintiff's statements above with respect to the potential for lost evidence or the potential for "overlap" in class and merits discovery. Indeed, courts have consistently rejected such arguments when granting discovery stays and/or in bifurcating discovery in TCPA class actions. *See, e.g., Moore*, 2024 WL 175743, at *1 (bifurcating discovery in a similar putative TCPA class action brought by some of the same counsel representing Plaintiff, and rejecting the same arguments against bifurcation that Plaintiff has already made here, holding: "The Court is concerned about wholly unnecessary discovery, so it grants the motion for bifurcation … because it is more efficient to proceed with the limited and targeted discovery as proposed by Defendant given that the overlap between the proposed initial discovery and merits discovery is minimal"); *Newell,* 2020 WL 13568762, at *3 (rejecting similar argument when bifurcating discovery in TCPA case, noting "While Plaintiff raises concern over delay and the possibility that evidence will be lost or destroyed, these concerns are not overly persuasive.")); *Sapan*, 2025 WL 1932935, at *1-3 (rejecting all of the same arguments plaintiff makes above re "overlap"); *Harris,* 2023 WL 3440077, at *5 (finding "good cause" in a TCPA case for "limited [bifurcated] "discovery related to Plaintiff's individual claim" because "such discovery would not result in duplication of efforts or substantially overlap with class discovery" and would better serve the purposes of Fed. R. Civ. P. 1); *Mestas,* 2019 WL 5549913, at *2 (holding, in a TCPA case, that "Plaintiff's hypothetical prejudice, which he may suffer [by] unidentified [third parties possibly destroying relevant evidence], is insufficient to establish even a plausible showing of" prejudice to the plaintiff supporting a denial of motion to stay discovery during pendency of a dispositive motion) (citation omitted); *see also Raimo v. Washington Univ. in St. Louis,* 2021 WL 243559, at *1 (E.D. Mo. Jan. 25, 2021) ("The risk of lost evidence or diminished witness recall is … relatively low in a case based on events that took place so recently."); *Fazio v. Lehman Bros., Inc,* 2002 WL 32121836, *3 (N.D. Ohio May 16, 2002) ("[g]eneral allegations and speculative

risks regarding lost evidence or fading memories" are insufficient to overcome discovery stay); *Canady v. Bridgecrest Acceptance Corp.,* 2020 WL 5249263, at *4 (D. Ariz. Sept. 3, 2020) (noting the legal obligation to preserve evidence reduces the risk of evidence being destroyed, lost, corrupted, or forgotten). This Court should rule similarly.

**Court's Ruling: Having considered the issues raised in Section 9 above, the Court adopts and approves the proposal submitted above by _____ and enters same, as so ordered.**

   f.  **Identification of Persons to Be Deposed:**

Plaintiff anticipates taking the deposition of Defendant's corporate representative and any expert identified by Defendant. If discovery proceeds, Defendant anticipate taking the deposition of Plaintiff, any intended recipient of the subject communications, persons who may have had access to or are the subscriber of the subject phone number, members of Plaintiff's household or Plaintiff's employer in relating to the use of the subject phone number, any experts identified by Plaintiff, and possible third parties for evidence authentication purposes. The parties reserve the right to take additional depositions of individuals and entities with relevant information identified through discovery.

The parties anticipate that each deposition will take no longer than one day, but reserve the right to see additional time if necessary.

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference*.]

   a.  **Status conferences will be held at the following dates and times:**

[*Magistrate Judge to insert date and time*]

_____, 20\_\_ at \_\_ o'clock \_\_\_\_m.

   b.  **A final pretrial conference will be held at the following date and time:**

[*Magistrate Judge to insert date and time*]

_____, 20\_\_ at \_\_ o'clock \_\_\_\_m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

**a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

See Section 9 above.

**b.  Anticipated length of trial and whether trial is to the court or jury.**

Jury trial, 3-5 days

**c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

Not at this time.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at _____, Colorado, this ____ day of _____, 20__.

BY THE COURT:

_____
[_Insert name of Magistrate Judge_]
United States Magistrate Judge

APPROVED AS SUBMITTED ON December 1, 2025:

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| By: */s/ Anthony Paronich* | By: /s/ *A. Paul Heeringa* |
| Anthony Paronich<br>Email:  anthony@paronichlaw.com<br>PARONICH LAW, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>Telephone:  (617) 485-0018<br>Facsimile:  (508) 318-8100<br><br>Counsel for Plaintiff | A. Paul Heeringa<br>MANATT, PHELPS & PHILLIPS, LLP<br>151 N. Franklin Street, Suite 2600<br>Chicago, IL 60606<br>Telephone: (312) 529-6300<br>Email: pheeringa@manatt.com<br><br>*Counsel for Defendant* |

## **CERTIFICATE OF SERVICE**

I certify that on, December 1, 2025, a true and correct copy of the foregoing document was electronically filed with the Court's ECF system to be sent via the electronic notification system to all counsel of record in the above-captioned matter.

*/s/ Anthony Paronich*