IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

EDWARD KOELLER, individually and behalf of all others similarly situated,

Plaintiff,

v.

PATHLOCK, INC.,

Defendant.

Civil Action No. 1:25-cv-02431-CNS-SBP

**DEFENDANT'S MOTION TO BIFURCATE DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(c), Defendant Pathlock, Inc. ("Pathlock") hereby respectfully moves for an order bifurcating discovery between the individual claim of Plaintiff Edward Koeller ("Plaintiff") and the putative class members' claims, and that the Court refrain from entering a scheduling order until after it rules on the present motion. In support, Pathlock submits the following incorporated memorandum of law.

**I. INTRODUCTION**

This case is a prime candidate for bifurcated discovery—where the parties would initially focus discovery on narrowly-tailored issues relevant to Plaintiff's individual claims, before conducting broader discovery (if at all)—as it would be much more efficient, conserve judicial and party resources, and possibly lead to a swifter resolution of this entire case. As discussed below, myriad courts in and beyond the Tenth Circuit have bifurcated discovery in cases seeking relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA") like this one, recognizing that it is often more efficient and cost effective for all concerned. This Court should rule similarly, as the Court and parties could

greatly benefit from the efficiencies of bifurcation in this case.

As one district court in the Tenth Circuit aptly noted, "TCPA cases, in the court's view, present a unique opportunity that warrants bifurcated discovery due to th[e] cost savings." *Cameron v. CHW Grp., Inc.*, 2025 WL 2336513, at *3 (D. Utah Aug. 13, 2025). That is because, as **this Court** correctly recognized in a prior case, if targeted discovery shows that Plaintiff's individual TCPA claim fails (as Pathlock believes it will show), this entire case is over. *See Ragsdale v. Harmony Leads, Inc.*, 2025 WL 1617233, at *2 (D. Colo. May 9, 2025) (bifurcating discovery and stating: "Doing so will save the resources of the parties and the court in the event that Plaintiffs' individual claims are dismissed.").

Here, Plaintiff's sole claim against Pathlock hinges on alleged violations of the National Do Not Call ("DNC") Registry provision of the TCPA. To prevail on such a claim, Plaintiff must prove, *inter alia*, that he received more than one "telephone solicitation" made "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). However, a communication is not a telephone solicitation, and therefore does not violate the TCPA's DNC provision, if: (1) the called party is not a "residential telephone subscriber" within the meaning of the TCPA; or (2) the call or text was made with the called party's "prior express invitation or permission" (i.e., consent) or when the caller and the called party have an "established business relationship." 47 C.F.R. § 64.1200(c)(2), (f)(15). These are narrow individualized issues that, as discussed below, courts have found appropriate for bifurcation in TCPA cases.

In this case, it is highly likely Plaintiff will not be able to meet the foregoing

2

requirements (and others) and, thus, that his entire individual TCPA claim will fail. Indeed, Plaintiff has testified in other TCPA cases that, among other things: (i) his employer provides Plaintiff a stipend for the phone number at issue in this lawsuit; (ii) the amount of that stipend is $35, which is sufficient to allow Plaintiff to completely pay for a cellular plan; and (iii) Plaintiff calls his co-workers from this number, and his co-workers call him on this number. *See, e.g., Koeller v. Delinea, Inc.,* No. 4:24-cv-00394-HEA (E.D. Mo. Sept. 27, 2024) (Dkt. 22). In other words, there is a real question as to whether Plaintiff is a "residential telephone subscriber" as required for DNC claim. *In re Rules & Reguls. Implementing the TCPA*, 20 FCC Rcd. 3788, 3793 (2005) (DNC rule "does not preclude calls to businesses").[1] Discovery on these issues could end this case early.

More importantly, the facts necessary to answer this critical dispositive question are unique to Plaintiff. Consequently, there is simply no good reason why the parties or the Court should be burdened with conducting unnecessary, costly, and time-consuming discovery beyond the limited discovery needed to resolve these (and other) narrow case-dispositive questions unique to Plaintiff's individual TCPA claim.

As shown below, similar bifurcated discovery approaches have been approved by

---

[1] *See also Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 653 (4th Cir. 2019) (to have standing under Article III of the U.S. Constitution to bring a TCPA DNC claim, the calls at issue "must have been to a residential number listed on the [National DNC] registry" among other things); *Cunningham v. Politi*, 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted*, 2019 WL 2524737 (June 19, 2019) ("The private right of action created by … § 227(c)(5) is accordingly limited to redress for violations of the regulations that concern residential telephone subscribers."); *Shelton v. Target Advance LLC*, 2019 WL 1641353, at *5–6 (E.D. Pa. Apr. 16, 2019) (granting summary judgment in TCPA case, finding plaintiff's cellphone was business phone despite being allegedly used for both business and "personal" calls, noting "business numbers are not permitted to be registered on the National Do Not Call Registry"). Given Plaintiff's claim, these issues are at play here.

3

numerous federal courts in TCPA DNC (and other) cases in the Tenth Circuit and elsewhere for the sake of judicial and party economy. Further, a short initial discovery period in this case, during which the parties focus on the merits of Plaintiff's individual TCPA claim for the first phase, would not prejudice Plaintiff at all, and it would further conserve judicial resources by avoiding discovery disputes that may be unnecessary if this case is dismissed. By contrast, Pathlock will suffer hardship if forced to engage in costly and burdensome class and other broader discovery that will likely be rendered moot if (and indeed when) Plaintiff's individual TCPA claim fails on its merits on summary judgment.

In sum, for the reasons below, there is ample "good cause," for the sake of efficiency, for this Court to exercise its broad discretion under Rule 26(c) to bifurcate discovery here.

## II. ARGUMENT

Federal courts have broad discretion to control their dockets, including entering orders limiting or governing the timing of discovery. *See*, *e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014). *See also* Fed. R. Civ. P. 26(c)(1) (courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). "The court's exercise of its discretion to bifurcate discovery is guided by four considerations: '(1) [the] overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice likely to flow from the grant or denial of a stay of class discovery.'" *Ragsdale*, 2025 WL 1617233, at *1. All four factors weigh in favor of bifurcated discovery in this case.

4

Indeed, courts in the Tenth Circuit and elsewhere commonly bifurcate discovery for efficiency purposes, particularly in putative TCPA class actions, so that the parties can focus first on the plaintiff-specific discovery necessary for the court to address the merits of the named plaintiff's claims before addressing class certification issues. *See, e.g.*, *Ragsdale*, 2025 WL 1617233, at *1 (granting defendant's motion to bifurcate discovery in TCPA class action where there were "discrete, narrow issues which may dispose of Plaintiffs' individual claims"); *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 WL 3728199, at *3 (N.D. Ohio May 30, 2023) ("In cases asserting both individual liability and potential 'class action' claims under the TCPA, courts have often approved bifurcating discovery in such cases where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.") (collecting cases); *Osidi v. Assurance IQ, LLC*, 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022) (bifurcating discovery in TCPA case, noting, "the need for class discovery may be eliminated if [d]efendant is able to demonstrate that the [n]amed [p]laintiff lacks viable individual claims").

As one such court noted, "[i]n cases [such as this one] asserting both individual liability and potential class action claims under the TCPA, courts have [often] bifurcated discovery 'where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.'" *Fania v. Kin Ins., Inc.*, 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (quoting *Pavelka*, 2023 WL 3728199, at *2). These courts (and many others) have all correctly recognized that bifurcation of discovery is much more efficient in putative TCPA class actions, and that there is no prejudice in doing so.

For example, in *Ragsdale*, a TCPA defendant sought to bifurcate discovery between

5

plaintiff-specific and class-wide phases to initially focus on the plaintiff's individual claims. *See* 2025 WL 1617233, at *1-2. This Court agreed, finding that resolution of these individual issues was "the most expeditious course" and "w[ould] save the resources of the parties and the court in the event that Plaintiffs' individual claims are dismissed." *Id*. at *2. This Court also considered and rejected the plaintiff's complaints of prejudice, finding that an "aggressive" schedule on the individual claims "minimize[ed] the prejudice caused by delaying class discovery." *Id*. The same result it warranted here.

Many other courts have reached the same sound conclusion. In *Kemen v. Cincinnati Bell Tel. Co. LLC*, 2024 WL 3633333 (S.D. Ohio Aug. 2, 2024), for example, the court entered a bifurcated discovery schedule in putative class action involving alleged violations of certain of the TCPA's DNC provisions. In doing so, the court noted there were various narrow case-dispositive issues relating to the merits of the plaintiff's individual claim that could be explored efficiently through bifurcated discovery, including *inter alia* the plaintiff's Article III standing and "whether she is a residential subscriber within the meaning of the TCPA's regulations." *Id*. at *2. The court noted these threshold issues "require little discovery and could be dispositive of [plaintiff's] individual claim" and, thus, held that "bifurcating discovery has the potential to promote the 'speedy' and 'efficient' resolution" of the entire case. *Id*. at *3. It also noted, "[o]n the other side of the scale, bifurcation will require [plaintiff] to produce only a comparatively modest amount of discovery, much of which (a) is likely already in her possession or easily obtainable and (b) she would need to produce in any event even absent bifurcation" and "a 90-day discovery period will not substantially delay this case" and would "not unduly prejudice" the plaintiff. *Id*.

6

In *Moore v. Demand Science Grp, LLC*, 2024 WL 175743 (N.D. Ill. Jan. 4, 2024), the court bifurcated discovery in putative TCPA class action involving some of the same counsel representing Plaintiff in this case and involving a similar complaint alleging violations of the TCPA's DNC provisions. The *Moore* court expressed "concern" about possible prejudice to the defendant and the inefficiency in conducting "wholly unnecessary discovery" (*i.e.,* class discovery), should targeted individual discovery show plaintiff had no viable claim, lacked standing, or would be an inappropriate class representative. *Id*. at *1. Thus, the court granted the motion to bifurcate, finding "it is more efficient to proceed with the limited and targeted discovery as proposed by Defendant given that the overlap between the proposed initial discovery and merits discovery is minimal." *Id*.

Similarly, in *Sapan v. Fin. of Am. Reverse LLC*, 2025 WL 1932935 (C.D. Cal. July 14, 2025), the court granted a motion to bifurcate in a DNC case involving a serial litigant (like Plaintiff), finding bifurcation more efficient. The court reasoned (i) "establishing whether Plaintiff is a typical and adequate class representative as early as possible could help this case move more expeditiously" and is an individualized issue appropriate for bifurcated discovery, and (ii) the case at bar was not like those where courts "declined bifurcation where the purported threshold questions overlap with class discovery." *Id*. at *1-3.

*Cameron v. CHW Group, Inc.* is also highly instructive. As mentioned above, that court likewise found that TCPA class actions, like this case, "present a unique opportunity that warrants bifurcated discovery due to th[e] cost savings" that can be realized. 2025 WL 2336513 at *3. In granting the defendant's bifurcation motion, the *Cameron* court also held that individualized issues as to the merits of the named plaintiff's claims (which are also at

7

play in this case)—including "whether Plaintiff consented to the calls, whether his particular number is registered on the National DNC Registry, whether Plaintiff is a 'residential telephone subscriber', and whether Plaintiff received telephone solicitations that fall within the TCPA"—are "narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery" through a bifurcated discovery schedule. *Id*.

As applied here, the targeted discovery the parties could explore during the initial bifurcated phase Pathlock proposes would include, for example, whether Plaintiff has standing, who physically placed the subject calls (which is relevant to direct or vicarious liability), whether Plaintiff received an actionable "telephone solicitation" or is a "residential" subscriber within the meaning of the TCPA, and/or would be an adequate or typical class representative. These narrow threshold individual issues are unique to Plaintiff, as to which no class-wide discovery is needed to resolve, and they are prime candidates for bifurcated discovery, as many courts have recognized. *See Cameron,* 2025 WL 2336513, at *3; *Sapan*, 2025 WL 1932935, at *1-3; *Moore*, 2024 WL 175743, at *1.

Moreover, as noted above, there is already evidence Plaintiff is not a "residential" subscriber given his testimony in one of his many other TCPA cases (*Koeller v. Delinea, Inc., supra*) suggesting the subject number is actually a business line. This narrow case-dispositive issue (and the others identified herein) can be explored efficiently at the outset of this case and save all concerned significant time and resources. *See also Leschinsky v. Inter-Cont'l Hotels Corp.,* 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015) (bifurcating discovery in TCPA case where, as here, "Defendants ha[d] presented evidence suggesting that [plaintiff's] TCPA claims are without merit as a matter of law" and, thus, finding that

8

"Defendants' arguments in favor of a bifurcated discovery process [we]re well-taken").

Accordingly, while Pathlock acknowledges bifurcated discovery may not be appropriate in all cases, this is not a routine "merits" versus "class" bifurcation request. Rather, Pathlock seeks to focus first on narrow issues that are unique to Plaintiff's individual TCPA claim (e.g., whether he is a "residential telephone subscriber," received a "telephone solicitation," properly registered the subject number, has standing, etc..) for which no class discovery would be necessary for a short period before proceeding to broader discovery. Bifurcation will promote the efficient resolution of this matter and will cause no significant prejudice to Plaintiff or duplicative effort here. *See, e.g., Moore*, 2024 WL 175743, at *1 (bifurcating discovery, with the initial 90-day phase to focus on the merits of Plaintiff's individual DNC claim, recognizing there is minimal overlap between individual and class discovery and it is more efficient); *Harris v. Shore Funding Sols. Inc.*, 2023 WL 3440077, at *5 (E.D.N.Y. Apr. 21, 2023) (finding "good cause" in a TCPA case for "limited [bifurcated] discovery related to Plaintiff's individual claim" because "such discovery would not result in duplication of efforts or substantially overlap with class discovery" and would better serve the purposes of Fed. R. Civ. P. 1). As applied here, there is minimal (if any) likelihood of overlap between discovery into Plaintiff's individual claim and class discovery; and even then, any slight overlap does not justify denying this Motion. *See, e.g., Chenault v. Beiersdorf, Inc.*, 2020 WL 5016795, at *3 (S.D. Ohio, Aug. 24, 2020) (bifurcating discovery, holding that "[t]he fact that class and merits-based discovery will … inevitably be intertwined to some extent does not necessitate denying a motion to bifurcate").

In stark contrast, broad discovery (especially class discovery) is <u>not</u> relevant or

9

"necessary to address certain issues that may be dispositive of Plaintiff's individual claims or [his] ability to bring the asserted class claims" in this case, such as those discussed above. *Osidi*, 2022 WL 623733, at *2. And it would certainly be far less efficient to conduct such broad discovery here, when the narrowly bifurcated discovery Pathlock proposes would lead to a much quicker end to this case. *See, e.g.*, *Ragsdale* and *Moore*, *supra*. This Court should reach the same conclusions and grant this motion accordingly.

Plaintiff may focus on language of Federal Rule 23 in response, and argue bifurcation will delay reaching certification at "an early practicable time" in contravention to the Rule and prejudice him. Not so. *See Ragsdale*, 2025 WL 1617233, at *2 (rejecting similar argument); *Sapan*, 2025 WL 1932935, at *1–3 (same). All bifurcation will do is show that his individual claim lacks merit, and that there would be no need for this Court to reach the class certification issue because he could not serve as a class representative. *See Osidi*, 2022 WL 623733, at *2 (bifurcating discovery for this reason).

Perhaps recognizing this, Plaintiff has already served initial discovery in this case almost entirely focused solely on the merits of Plaintiff's individual claim. *See* Exhibit A. Thus, this case is very different than *Klassen v. Solidquote LLC*, 2023 WL 5497865, at *6 (D. Colo. Aug. 23, 2023), in which a court in this District denied bifurcation in a TCPA class action after the plaintiff identified numerous categories of overlapping discovery between the merits of the plaintiff's individual claims and class discovery. By contrast, here, Plaintiff does not appear to dispute the scope of narrow discovery necessary to assess Plaintiff's individual TCPA claims. Plaintiff's first set of discovery requests, which are almost exclusively limited to Plaintiff's individual claims, supports this conclusion. Thus, *Klassen*

10

does not warrant a different result.

Moreover, bifurcating discovery in the manner Pathlock proposes here is not at all inconsistent with the edicts of Rule 23. The 2003 Advisory Committee Notes to Rule 23 indicate why: "Subdivision (c)(1)(A) is changed to require that the determination whether to certify a class be made 'at an early practicable time.' The 'as soon as practicable' exaction neither reflects prevailing practice nor captures the many valid reasons that may justify deferring the initial certification decision." This comment makes plain that Rule 23 encourages courts to address certification ***when appropriate based on the individual needs of each case to drive efficient and effective resolutions***. At the same time, Rule 23 does not trump the core fundamental principles of Rule 1, which mandates the Federal Rules as a whole "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Again, courts have found that bifurcated TCPA discovery promotes these principles. *See, e.g.*, *Harris*, 2023 WL 3440077, at *3; *Ragsdale*, 2025 WL 1617233, at *2.

The *Ragsdale* case is again highly instructive here. There, this Court entered a bifurcated discovery schedule in a TCPA class action where, as here, "setting an aggressive schedule on the individual claims will serve to promote Rule 23's goal that class certification be decided at 'an early practicable time' and minimize the prejudice caused by delaying class discovery." *Ragsdale*, 2025 WL 1617233, at *2. *See also Sapan*, *supra* (ruling similarly). That is all this Motion seeks—a just, speedy and inexpensive resolution of this case. Plaintiff cannot credibly argue this would prejudice him at all, or that bifurcation

11

would somehow be less efficient here under these circumstances and given the law above.

Accordingly, Pathlock respectfully proposes that the Court enter the following bifurcated discovery schedule in this case:

- Discovery as to the merits of Plaintiff's individual claim to proceed for a period of ninety (90) to one hundred twenty (120) days after entry of the Court's scheduling order (no class discovery allowed during this period);

- Opening summary judgment motions as to the merits of Plaintiff's individual claim be due no later than (but allowed any time prior to) thirty (30) days thereafter;

- Oppositions to summary judgment due 30 days after service of opening motions; and

- Reply briefs in support of summary judgment due 15 days after service of oppositions.

Pathlock further proposes that either (i) class discovery resume only after the initial discovery period on Plaintiff's individual claim, or (ii) the Court set a further case management conference, at the Court's convenience, after the Court has ruled on summary judgment motions relating to Plaintiff's individual TCPA claims to set (if necessary) a schedule for class discovery and all other case management deadlines.

Courts have often entered similar bifurcated schedules in TCPA cases for efficiency purposes. *See, e.g.*, *Ragsdale*, 2025 WL 1617233, at *2; *Sapan*, 2025 WL 1932935, at *1; *Moore,* 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024); *Mantha v. QuoteWizard.com, LLC*, 2020 WL 4369701, at *3 (D. Mass. July 30, 2020) (same). Thus, Pathlock respectfully submits that this Court should follow these well-reasoned authorities and enter a similar bifurcated discovery schedule for efficiency purposes.

### III. CONCLUSION

For these reasons, the Court should bifurcate discovery in accordance with the

12

attached proposed order, or enter a substantially similar bifurcated discovery order.

Dated: December 22, 2025                    Respectfully submitted,

By: /s/ *Madelaine A. Newcomb*

A. Paul Heeringa
Madelaine A. Newcomb
**MANATT, PHELPS & PHILLIPS, LLP**
151 N. Franklin Street, Suite 2600
Chicago, IL 60606
Telephone: (312) 529-6300
Email: pheeringa@manatt.com
mnewcomb@manatt.com

*Counsel for Defendant*

## **CERTIFICATE OF CONFERRAL**

Pursuant to this Court's Uniform Civil Practice Standards, the undersigned certifies that counsel for Defendant conferred with counsel for Plaintiff, Anthony Paronich, regarding the foregoing motion. Mr. Paronich indicated that Plaintiff intends to oppose the motion.

/s/ *Madelaine A. Newcomb*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on, December 22, 2025, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record.

/s/ *Madelaine A. Newcomb*

13