UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **EDWARD J. KOELLER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>**PATHLOCK, INC.**<br><br>*Defendant.* | Case No. 1:25-cv-02431-CNS-SBP |

PLAINTIFF'S OPPOSITION TO THE
DEFENDANT'S MOTION TO BIFURCATE DISCOVERY

## Introduction

Defendant asks the Court to split discovery into two phases and to prohibit any class discovery unless and until Defendant first completes a narrow, plaintiff focused discovery period followed by summary judgment. Defendant says this case is a prime candidate for bifurcation because Plaintiff's individual claim supposedly turns on threshold issues such as whether Plaintiff's number is residential, whether Plaintiff consented, whether an established business relationship exists, and whether the calls were telephone solicitations, and Defendant contends those issues can be resolved quickly and would end the case before class issues are addressed.

Plaintiff opposes the motion because bifurcation here would operate as an improper stay of class discovery, would be inefficient in practice, and would materially prejudice Plaintiff and the putative class. Much of what Defendant labels as individual discovery overlaps with the discovery needed to evaluate and litigate class certification, and forcing a two-track process

1

89741533.2

would invite line drawing disputes, duplicative discovery, and delay. The Federal Rules favor a single, coordinated discovery process tailored to the needs of the case, not a carve out that lets the party controlling the key evidence defer production of classwide information.

## Background

Plaintiff brings this action under the Telephone Consumer Protection Act and the implementing regulations governing the National Do Not Call Registry. ECF No. 1 ¶¶ 1–8.

Plaintiff alleges that his cellular telephone number is a non commercial number used for personal residential purposes, is not associated with any business, and has been listed on the National Do Not Call Registry since August 2007. ECF No. 1 ¶¶ 23–26. Plaintiff further alleges he has never been a customer of Defendant and never provided consent to receive calls from Defendant. ECF No. 1 ¶ 27.

Plaintiff alleges that despite his Registry listing and lack of consent, he received at least two telemarketing calls promoting Defendant's services, including calls on or about June 17, 2025 and July 3, 2025, from different caller ID numbers. ECF No. 1 ¶¶ 28–30. Plaintiff alleges that on both calls the caller identified Defendant by name and identified himself as JT, and that the purpose of the calls was to solicit Plaintiff to purchase Defendant's cybersecurity services. ECF No. 1 ¶¶ 31–33.

Plaintiff further alleges that during the first call he was not interested and instructed Defendant's representative not to call again, yet he received a second solicitation call weeks later offering the same services. ECF No. 1 ¶¶ 34–35. Plaintiff alleges these calls invaded his privacy and constitute violations of the TCPA do not call rules. ECF No. 1 ¶¶ 36–38.

Plaintiff seeks to represent a putative class of persons whose numbers were on the National Do Not Call Registry and who nevertheless received more than one telemarketing call from Defendant or on Defendant's behalf within a twelve month period during the relevant limitations period. ECF No. 1 ¶¶ 39–45.

**Argument**

I. **The Defendant's Suggested Bifurcation of Discovery Would be Inefficient and Prejudicial**

Bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). That is readily apparent here. To begin, the proposed bifurcation guarantees that the parties will need to duplicate their work. First, the parties would undertake "individual merits" discovery and all that entails: written discovery requests, depositions, and then expert disclosures and expert depositions, all limited just to the individual claim of the Plaintiff. Then, Defendant would file a dispositive motion to Plaintiff's individual claims. And then, should the Court deny that motion, the parties have to start all over again, serving discovery requests and taking depositions of the same witnesses a second time, but this time focusing on class certification and/or class merits issues, as well as the remaining issues on the Plaintiff's individual claim. And after that, there would be a second round of dispositive motions on the class claims. All told, this means at least two rounds of written discovery, two rounds of depositions (with the same witnesses being deposed twice), and then two rounds of summary judgment briefing. This is the opposite of judicial economy. Indeed, "bifurcation of

discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, No. 3:cv-14-0282, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. Sept. 15, 2014).

The Court should deny Defendant's motion to bifurcate for this reason alone. *See id.* (denying similar motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs., LLC*, No. 14-1053, 2014 U.S. Dist. LEXIS 203680, *4 (W.D. Pa. Oct. 21, 2014) ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in this case.").

Apart from the duplication of discovery outlined above, Defendant's proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification. Indeed, "[class certification] analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted); *Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 U.S. Dist. LEXIS 6778, at *6 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate merits and class discovery in TCPA action and explaining that "bifurcation would have the opposite effect [of "promot[ing] judicial efficiency or a prompt resolution of the

case"]."); *Lakeland Reg'l Med. Ctr. v. Astellas US, LLC*, No. 8:10-cv-2008, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("[T]he line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'"). As another Court ruled when denying a motion to bifurcate in a TCPA case:

> The Court has reviewed the parties' joint status report. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in *Walmart v Dukes* has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*Katz v. Allied First Bank, SB*, No. 22-cv-5277, ECF No. 14 (N.D. Ill. Jan. 3, 2023). Other courts have agreed. *See, e.g.*, *Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB (DFMX), 2025 WL 596095, at *2 (C.D. Cal. Feb. 24, 2025) (relying on several TCPA cases in rejecting a bifurcation of discovery holding, "the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery."); *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at *6 (W.D. Wash. Oct. 11, 2023); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst.").

As another federal court held earlier this year while rejecting bifurcated discovery in yet

another TCPA case, "Because individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time. This result also implicates the third factor, judicial economy, and weighs against bifurcation." *Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025).

Indeed, as another Court in Texas held on March 19, 2025 while rejecting a substantially similar bifurcation request from a TCPA defendant highlighting the signification overlap between merits and class certification discovery in a TCPA case while providing an overview of relevant case law:

> As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).
>
> And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).
>
> Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).
>
> In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial

> economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *3.
>
> Similarly, here, the undersigned already found that Folsom "may not avoid appropriate classwide discovery that is — as Bond persuasively argues — necessary for a future class certification motion." Dkt. No. 28. And, so, the Court agrees with Bond that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of his individual claims and issues of class certification. *Accord True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D. Cal. 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).
>
> And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 79392, 2015 WL 11120408, *1-2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *3 (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").
>
> And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

*Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025). This Court should hold the same. Given this overlap, bifurcation would "belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery." *In re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989, *9 (E.D. Pa. Nov. 29, 2004) (citing *In re Hamilton Bancorp. Inc. Securities Litigation*, No. 01-CIV-0156, 2002 WL 463314,

7

at *1 (S.D. Fla. Jan. 14, 2002) (noting that "bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery").

Finally, bifurcation will prejudice Plaintiff and the putative class through delay and risk of evidence loss.

The risk to the putative class members' interests is not merely hypothetical. Multiple decisions in TCPA class action cases have turned on the destruction of records necessary to identify class members. *See, e.g.*, *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007) (denying class certification in a TCPA case because "critical information regarding the identity of those who received the facsimile transmissions" was not available); *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011) (granting the defendant summary judgment for the substantially the same reason). As such, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See, e.g.*, *Cooley v. Freedom Forever LLC et. al*., No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Here, the Plaintiff merely is seeking to provide with discovery in the ordinary course with all of the protections of Rule 26 available to the Defendant.

Plaintiff will also be prejudiced by bifurcation because, "with the passage of time, the

8

memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Sanaah v. Howell*, 2009 No. 08-cv-02117-REB-KLM, U.S. Dist. LEXIS 35260, *2 (D. Colo. Apr. 9, 2009).

By contrast, Defendant will not be prejudiced at all if Plaintiff is permitted to proceed with discovery in the ordinary course. As another federal court explained in denying a similar motion in a TCPA case:

> In addition, [defendant] has not demonstrated irreparable injury; it notes only that it is potentially on the hook for substantial damages, given the putative nationwide class. Monetary damages, of course, do not by themselves constitute irreparable injury. [plaintiff], on the other hand, persuasively argues that she would be injured by a stay, particularly because discovery has yet to commence, and evidence is at risk of being lost. This injury, which is both likely and irreparable, far outweighs the injury posed by a potential future judgment for money damages.
>
> \*   \*   \*
>
> In the meantime, it is clear that critical evidence, including records from any third parties that [defendant] may have contracted with for its telephone marketing, may be lost or destroyed.

*Simon v. Ultimate Fitness Grp., LLC*, No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676, at *18, 21-22 (S.D.N.Y. Aug. 19, 2019).

Defendant leans heavily on *Ragsdale v. Harmony Leads, Inc.*, 2025 U.S. Dist. LEXIS 89239 (D. Colo. 2025) to argue that bifurcation is appropriate here. But Defendant's motion presents the same flaw this Court warned against when bifurcation is not truly justified: it offers an abstract list of purported "threshold" topics and assumes they can be resolved quickly, without tethering that assertion to concrete, case specific evidence or to a discovery plan that would actually remain confined to Plaintiff only issues. Defendant recites whether Plaintiff's

9

89741533.2

number is residential, whether Plaintiff consented, whether an established business relationship exists, and whether the calls were telephone solicitations, then asserts those issues can be decided first and will end the case before any class issues are reached. That is speculation, not a showing of good cause.

The bifurcation order in *Ragsdale* was driven by this Court's conclusion that there were discrete, narrow issues that might dispose of the named plaintiffs' individual claims and that an aggressive schedule on those issues would minimize prejudice from delaying class discovery. The circumstances here are materially different.

Indeed, the issues Defendant identifies are not the type of clean, threshold issues that can be resolved without reaching the same evidence needed for class certification. Defendant frames the first phase as limited to whether Plaintiff's number is residential, whether Plaintiff consented, whether an established business relationship exists, and whether the calls were solicitations. But those questions are intertwined with Defendant's telemarketing campaign evidence, including how leads were sourced, what systems or vendors were used, what scripts and training governed calls, what compliance procedures existed for do not call requests, and what call records exist. That evidence is central both to liability and to class certification. Unlike a case where narrow merits issues can be decided without touching the same proof needed to define the class, this case presents substantial overlap that makes bifurcation inefficient and dispute prone. There is no single fact or issue that the Defendant highlights to support their position that should persuade this Court.

Indeed, in this way, where the Defendant is only identifying sweeping speculative themes

89741533.2

of facts that might develop to support their position, the bifurcation analysis is more aligned with Judge Neureiter's analysis in *Klassen v. SolidQuote LLC*, 2023 U.S. Dist. LEXIS 149341 (D. CO. 2023), which rejected bifurcation holding:

> [I]f the Court were to bifurcate discovery, it would likely be forced to spend time and resources resolving petty discovery fights over what constitutes merits discovery versus class discovery. Accordingly, bifurcation [*7] does not promote judicial economy. Relatedly, because of the delays that would attend bifurcated discovery in this matter, bifurcation will not result in prompt certification under Rule 23. This is especially true where Defendants propose waiting for a dispositive ruling on the individual issues before proceeding to class discovery. If a dispositive motion is ultimately denied, the case would be delayed by more than a year. Such delays are unacceptable to this Court.
>
> Finally, Defendants have not identified any unique prejudice they would suffer if discovery is not bifurcated and class discovery is not stayed. Nothing about this case is so unusual that it requires bifurcation. Moreover, there is nothing to stop Defendants from targeting their discovery to issues related to whether Plaintiff made or received the calls or somehow consented to the calls and filing an early dispositive motion on that basis.

*Id.* at *6-7. Accordingly, Defendant has not shown that bifurcation will promote efficiency or conserve resources. To the contrary, it will delay the case, multiply discovery, and increase the Court's involvement in avoidable disputes over whether a request is "merits" or "class" discovery. Because Defendant's asserted threshold issues depend on the same call records, lead sources, scripts, vendor data, and compliance practices that will be central to class certification, there is no justification for a stay of class discovery. The Court should deny Defendant's motion and enter a standard scheduling order permitting coordinated discovery to proceed in the ordinary course.

## CONCLUSION

Defendant has not carried its burden to justify bifurcating discovery and barring class discovery. The proposed bifurcation would operate as an improper stay, would create inefficiency through overlap and line drawing disputes, and would prejudice Plaintiff and the putative class through delay and increased risk of evidence loss. The Court should deny Defendant's motion and proceed with a standard scheduling order governing coordinated discovery.

Dated: December 23, 2025

                              */s/ Anthony Paronich*
                              Anthony Paronich
                              Email:  anthony@paronichlaw.com
                              PARONICH LAW, P.C.
                              350 Lincoln Street, Suite 2400
                              Hingham, MA 02043
                              Telephone:  (617) 485-0018
                              Facsimile:  (508) 318-8100